525 So.2d 208 (1988)
Rushing Allen MARCOTTE
v.
GULF BUILDERS, INC. and XYZ Insurance Company.
No. CA 87 0293.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*209 Richard J. Ward, Jr., Maringouin, for plaintiff-appellee.
Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, for defendants-appellants.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
Gulf Builders, Inc. and Highlands Insurance Co., defendants, appeal the judgment of the trial court awarding plaintiff, Rushing Allen Marcotte, benefits pursuant to Louisiana's Worker's Compensation Laws. Upon finding that Mr. Marcotte was an "odd lot" in the labor market, the trial court awarded temporary total disability benefits, LSA-R.S. 23:1221(1), and rehabilitation benefits, LSA-R.S. 23:1226.
After a thorough review of the record, we find that the trial judge's factual and legal findings were correct. We affirm the judgment.
Rushing Allen Marcotte was employed by Gulf Builders, Inc., on May 22, 1984, classified as a carpenter but actually working as an iron worker. Mr. Marcotte testified that he was hit on the lip by a piece of slag as he was burning with a torch. He jerked his head with resulting neck, arm and shoulder pain. He continued working but found the pain increasing while moving scaffolds. He then requested to see a doctor.
Mr. Marcotte saw Dr. Herman Walker of Houma initially and then Dr. Judice, also in Houma. On July 18, 1984, Dr. Thomas B. Flynn, a neurosurgeon in Baton Rouge, began treating Mr. Marcotte, as it was more convenient to his home in Melville. Dr. Flynn's initial diagnosis was cervical strain, which he treated conservatively. On August 8, 1984, Mr. Marcotte complained of low back pain to Dr. Flynn. Plaintiff testified that although he did not complain of low back pain to any of his treating physicians until later, he had begun experiencing this pain during the time he was under the care of his doctors in Houma, prior to his first visit to Dr. Flynn, July 18, 1984. Appellants' contention that plaintiff's complaint of low back pain was after too long a period for it to be related *210 to the May 22, 1984 incident is without merit.
Cervical and lumbar myelograms were performed October 22, 1984. The lumbar myelogram showed a large disc protrusion with compression of the nerve root at L-4. On October 31, 1984, Dr. Flynn surgically removed the L-4 disc and fused the L-4 and L-5 segments. He testified that plaintiff had a twenty-five percent anatomical disability that he could not lift, anything, over seventy pounds, while standing, and that plaintiff had complained during his last visits to Dr. Flynn, of pain while working. Additionally, Mrs. Marcotte, plaintiff's wife, testified that when he came home from work he was in pain.
Appellants contend that plaintiff's low back injury was not related to his work for Gulf Builders, Inc. A worker must establish by a preponderance of the evidence the causal connection between his disability and the accident. Robertson v. Scanio Produce & Institutional Foods, Inc., 449 So.2d 459 (La.1984); Bridgewater v. Crown Zellerbach, 449 So.2d 515 (La. App. 1st Cir.1984). The plaintiff testified that he believed the back injury happened on the job and that he did nothing after the May 22, 1984 incident that would have injured his back. Although Dr. Flynn testified that it would be difficult for him to connect the back injury with the May, 1984, on-the-job incident due to the fact that plaintiff did not complain of any low back pain until August 8, he also testified that plaintiff had had no prior back trouble and the disc protrusion appeared to be recent. Additionally, Dr. Flynn testified in his deposition: "I believe the injury that the patient describes as having occurred on 5-22-84 is compatible with an injury sufficient to produce a disk [sic] herniation." Defendants produced no evidence to rebut the testimony of Dr. Flynn and Mr. Marcotte. Absent manifest error, the factual findings of the district court regarding work-related disability are not to be disturbed. Donald v. Big Three Industries, Inc., 426 So.2d 257 (La.App. 1st Cir.1983), writ denied, 429 So.2d 157 (La.1983). The evidence is sufficient to support a finding that the low back injury resulted from a work-related incident while Mr. Marcotte was employed by Gulf Builders, Inc.
Appellants assert the trial court erred in finding the odd lot doctrine applicable to the Worker's Compensation Act since the 1983 amendments. Appellants further contend that the trial court erred in finding Mr. Marcotte temporarily totally disabled under LSA-R.S. 23:1221(1) by virtue of the odd lot doctrine.
Plaintiff, who was 28 at the time of the accident, had been an iron worker since the age of 15. He is no longer able to physically do this type work. He testified that his tool belt weighs 70 pounds and, because of his impairment, he is not able to work with it. He has a ninth grade education and no formal training in another craft. Although not qualified as a carpenter, Mr. Marcotte was able to do some carpentry for a limited time with a friend, Mr. Neil Hooks. His work did not involve finished carpentry. The plaintiff described the work as "just bolting up two-by-fours and four-by-fours." Plaintiff testified that when doing this type of work, he worked in pain. Mr. Hooks testified that when he would see that Mr. Marcotte was having difficulty with a particular job, he would recommend to the foreman that he be moved to another type job.
In Oster v. Wetzel Printing, Inc., 390 So.2d 1318, 1323 (La.1980), the Louisiana Supreme Court quoted Johnson, Work of the La. Appellate Courts 1977-78, 39 La.L.Rev. 881, at 889 (1979), in defining odd-lot as an injured worker who:
`may be capable of holding various jobs from time to time, but that the kind of work he may perform is so limited in quality, dependability or quantity that a reasonably stable market for that work does not exist'
His physical impairment is to be considered as well as his mental capacity, education, training and availability of employment in his area.
The 1983 Workers Compensation Act specifically excluded the odd-lot category from the provisions for permanent total disability. LSA-R.S. 23:1221(2). Temporary total disability as defined in LSA-R.S. 23:1221(1) does not exclude odd-lot employment, *211 sheltered employment or employment while working in pain. The Third Circuit has specifically held that the odd-lot doctrine is applicable in temporary total cases. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3 Cir. 1986), writ denied, 497 So.2d 312 (La.1986). The Second Circuit held that the working in pain doctrine is also applicable in temporary total disability cases. Johnson v. Monroe Pulpwood Co., Inc., 505 So.2d 862 (La.App. 2 Cir.1987). We agree with our brethren that these two doctrines as well as the sheltered employee doctrine are all viable in temporary total disability cases.
The trial court made a finding that plaintiff has been "working with pain, has been a sheltered employee and is in an `odd-lot' in the labor market" and, therefore, entitled to temporary total disability benefits under LSA-R.S. 23:1221(1). The Court agrees that plaintiff is unable to do the work he had been doing or to engage in similar employment or other gainful employment without substantial pain. He will only be able to do work after he has been trained in a new skill. The record supports the trial court's award of temporary total disability benefits as well as rehabilitation benefits as provided under R.S. 23:1226.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.