607 So.2d 1055 (1992)
Karlina ROSELLA, Plaintiff-Appellee,
v.
DEDE'S WHOLESALE FLORIST, Defendant-Appellant.
No. 91-845.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*1057 W. Thomas Angers, Lafayette, for plaintiff-appellee.
Cameron B. Simmons, Jeanerette, for defendant-appellant.
Before GUIDRY, J., and CULPEPPER and SALOOM, J. Pro Tem.
GUIDRY, Judge.
This is a worker's compensation case. Plaintiff, Karlina Rosella, an employee of DeDe's Wholesale Florist in New Iberia, was injured in the course and scope of her employment on February 14, 1990. DeDe's is a proprietorship owned by Richard and Dione David.
While unloading her truck, Rosella, a route salesperson, slipped on diesel fuel, she fell backwards and, in trying to brace her fall, injured the middle finger of her left hand. She was treated for her injury at the Dauterive Hospital emergency room in New Iberia. The attending physician diagnosed a dislocation, sprain and contusion of the left middle finger. He prescribed a finger splint, ice, pain medication as needed and instructed Rosella to see Dr. Hebert, an orthopedic surgeon, in five days. She did not see Dr. Hebert as instructed.
Rosella returned to work the next day and continued to work until April 19, 1990. Plaintiff alleged that, during this period, the pain became progressively worse to the point that it was excruciating. She also stated that, as she continued to work, the swelling increased and her finger became discolored. In March of 1990, she made an appointment through Cecelia Ackal, her roommate, to see Dr. Heard, an orthopedic surgeon in Lafayette. She did not keep this appointment. In April, Cecelia Ackal made another appointment for Rosella to see Dr. Hebert. This appointment was also not kept. Plaintiff claimed that she did not keep these appointments because her employers would not let her take time off from work.
On April 19, 1990, Rosella informed her employer that she would not return to work until she saw an orthopedic surgeon. Richard David then requested that she return her truck keys and beeper. She turned these in on April 20, 1990, at which point Richard offered her alternative employment, the nature and length of which was disputed at trial. In any event, she refused his offer. Rosella claimed that she was then fired, but her employer claimed that she quit.
Rosella saw Dr. James LaFleur, an orthopedic surgeon, on April 26, 1990. Dr. LaFleur diagnosed her injury as a "left middle finger status post PIP dislocation by history, with reduction and secondary adhesive capsulitis and sympathetic ring finger limitation of range of motion". In layman's terms, Rosella suffered a dislocated finger with resulting joint inflammation and limited range of motion. X-rays revealed no irregularities or calcifications. Dr. LaFleur prescribed Voltaren to reduce the inflammation and referred Rosella to a physical therapist.
*1058 This claim for worker's compensation was filed with the Office of Worker's Compensation (OWC) on June 4, 1990. Dr. LaFleur saw Rosella a second time on June 12, 1990 and again on July 10, 1990. He noted "marked improvement" in Rosella's condition on the June visit, but, because her finger had become stiff by the July visit, he referred her to an occupational therapist, Manny Gala. She saw Gala 10 times in July, seven times in August, and twice in September.
All of plaintiff's medical and therapy expenses were paid by State Farm, DeDe's automobile insurer. DeDe's did not have worker's compensation insurance.
This case was heard before the OWC hearing officer on August 31, 1990 and November 20, 1990. Judgment was rendered on January 4, 1991 holding Richard and Dione David, d/b/a DeDe's Wholesale Florist, liable to all of Rosella's medical providers for the documented medical costs incurred to date, $1,896.18, plus all other costs of evaluation, treatment and diagnosis associated with the injury causing accident. Additionally, the hearing officer ordered the health care providers, upon receipt of payment from defendant, to reimburse State Farm for all medical costs paid under the automobile insurance policy. The OWC hearing officer found that Rosella was temporarily totally disabled from April 23, 1990 through August 6, 1990, and awarded her compensation benefits for that period at a rate of $106.67 per week for a total weekly compensation benefit of $1,600.05.[1] The hearing officer found that the defendants were arbitrary and capricious in (1) failing to permit Rosella to see an orthopedic surgeon; and, (2) failing to pay weekly worker's compensation and medical benefits and rendered judgment casting DeDe's with penalties and attorney fees in the total sum of $2,500.
After DeDe's motion for a new trial was denied, defendant appealed assigning the following six errors to the judgment of the hearing officer:
1. The Administrative Hearing Officer did not provide reasons for judgment pursuant to Louisiana Code of Civil Procedure Article 1917, thus, precluding effective appellate review of the record.
2. The Administrative Hearing Officer erred when Cecelia Ackal was allowed to testify as an expert in industrial nursing.
3. The Administrative Hearing Officer erred in ordering the defendant to reimburse a non-party insurer for medical expenses paid on behalf of defendant to the plaintiff.
4. The Administrative Hearing Officer erred in awarding temporary total disability benefits to plaintiff, after finding that plaintiff refused reemployment in a light duty position that she could perform.
5. The Administrative Hearing Officer failed to provide within the hearing system, basic due process requirements.
6. The Administrative Hearing Officer was incorrect in ruling that defendant was arbitrary and capricious in failing to permit petitioner to see an orthopedic surgeon for examination and treatment.
Plaintiff filed a motion to dismiss defendant's appeal as frivolous. The motion, which prays for penalties and attorney fees, was deferred to the merits of the appeal. We will address plaintiff's frivolous appeal motion after discussing the other errors assigned by defendant.
REFUSING TO GIVE REASONS FOR JUDGMENT
La.C.C.P. art. 1917 provides:
"In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after signing of the judgment."
*1059 DeDe's contends that, upon its timely request, the hearing officer refused to give reasons for judgment. Defendant in brief urges this court to remand the case to the OWC to allow the hearing officer to comply with the request.
The proper remedy when the trial court or, as in this case, the administrative hearing officer, refuses to or does not give written reasons is to apply for supervisory writs or file a motion to remand for purposes of compliance with the request. Seymour v. Seymour, 423 So.2d 770 (La.App. 4th Cir.1982). DeDe's did neither. In any event, we find the trial court's failure to give reasons for judgment was not prejudicial to defendant and that we can fully consider the issues on appeal without the trial court's written reasons for judgment. Additionally, and as a matter of practicality, it would be impossible for the OWC to comply with any remand order because the record reflects that the hearing officer is no longer employed by the OWC. We find no merit in this assignment of error.

PERMITTING CECELIA ACKAL TO TESTIFY AS AN EXPERT IN INDUSTRIAL NURSING
The hearing officer qualified Cecelia Ackal, plaintiff's roommate, as an expert in nursing with a specialty in industrial nursing. Defendant urges that this was error because of Ackal's lack of qualifications and her close relationship with Rosella.
The record indicates that Ackal, a licensed practical nurse, had been knowing Rosella for 11 years during which time the two women were roommates. Ackal explained that although her registered nursing license had lapsed in 1971 or 1972, she had some work experience as an industrial nurse with two oilfield service companies during the subsequent years. We conclude that Cecelia Ackal lacked the necessary knowledge, skill, experience, training and/or education to be qualified as an expert in industrial nursing and the hearing officer erred in finding otherwise. LCE art. 702. Additionally, we find that Ackal's close relationship with the plaintiff over an 11 year period was sufficient to preclude her from testifying as an expert witness due to the danger of unfair prejudice and bias. LCE art. 403. Accordingly, we will disregard her medical opinion testimony in resolving the issues presented on appeal.

ORDERING THE REIMBURSEMENT TO STATE FARM
The hearing officer ordered DeDe's (Richard and Dione David) to pay Rosella's health care providers for all medical expenses incurred who, in turn, were ordered to reimburse State Farm. This is clear error.
Plaintiff did not pray for this relief. State Farm and the health care providers are not parties to this suit. La.C.C.P. Art. 1841 provides "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled". (Emphasis ours). A judgment cannot determine rights or award relief to persons or entities who are not parties to the litigation.
In addition, we note that La.R.S. 23:1212 provides, in pertinent part, that "[P]ayment by any person or entity, other than a direct payment by the employee, a relative or a friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses". In this case, State Farm, in its capacity as DeDe's automobile insurer, paid for Rosella's medical expenses. Thus, any claim against DeDe's for such expenses was extinguished.

THE AWARD OF TEMPORARY TOTAL DISABILITY BENEFITS
Plaintiff suffered a work related injury on February 14, 1990. By Act No. 454, § 6 of 1989, effective January 1, 1990, the legislature amended La.R.S. 23:1221(1) by adding subparagraph (1)(c), which redefined temporary total disability as follows:
"(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation *1060 for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment."
Prior to this amendment, La.R.S. 23:1221(1) provided only:
"(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (1)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain."
In construing La.R.S. 23:1221(1) prior to the amendment, our courts consistently applied pre-1983 standards finding a plaintiff entitled to temporary total disability benefits upon proof by a preponderance of the evidence that the worker's pain was substantial or appreciable and prevented him/her from engaging in employment. Marcotte v. Gulf Builders, Inc., 525 So.2d 208 (La.App. 1st Cir.1988), writ denied, 530 So.2d 88 (La.1988); Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La. App. 3rd Cir.1986), writ denied, 497 So.2d 312 (La.1986); Johnson v. Monroe Pulpwood Co., Inc., 505 So.2d 862 (La.App. 2d Cir.1987). The amendment, effective January 1, 1990, clearly heightened the claimant-employee's burden of proof. In fact, the burden of proof required for establishing temporary total disability following the effective date of the amendment is exactly the same as the burden of proving permanent total disability. See La.R.S. 23:1221(2)(c); Johnson, Workers' Compensation, 50 La.L.Rev. 391, 400 (1989).
In light of this change, we are guided by the jurisprudence interpreting the plaintiff's burden of proof for permanent total disability following the 1983 amendment of the Workers' Compensation Act since we are unaware of any jurisprudence interpreting La.R.S. 23:1221(1)(c) following its amendment. Specifically, in Whatley v. Hartford Accident and Indemnity Company, 509 So.2d 671 (La.App. 3rd Cir.1989), writ denied, 512 So.2d 441 (La.1987), this court reasoned:
"The legislature has made it clear that even if plaintiff is in pain, he must work unless he proves by clear and convincing evidence that he is physically unable to engage in any employment or self-employment as described in LSA-R.S. 23:1221(2)(c).
"Arguments that the employee is working in pain, or would have to work in pain, after his injury will have greatly reduced importance after the 1983 amendments. This was clearly the intendment of the amended provisions.
In a total and permanent disability argument, pain will not have no role to play at all. The fact that an employee can work but only in substantial pain will not make him totally disabled, since he must prove that there is no job he can do, even in "any" pain." Malone & Johnson, Louisiana Civil Law TreatiseWorker's Compensation § 277 (Supp.1987)."
This standard of proof is applicable in this case. It is clear from the record that the claimant did not establish by clear *1061 and convincing evidence that she was physically unable to engage in any employment or self-employment as described in La.R.S. 23:1221(1)(c), supra.
Dr. LaFleur, plaintiff's treating orthopedic surgeon, did not testify at trial. He did, however, provide a written summary of each appointment with Rosella. Upon initial examination on April 26, 1990, Dr. LaFleur stated that "I would not expect that the patient would be able to perform her duties as she had been prior to the accident". It is noteworthy that Dr. LaFleur did not suggest that Rosella could not perform her previous employment duties but only that she could not perform same as well as she was able to prior to her accident. Further, Dr. LaFleur's opinion ignores the fact that plaintiff had been working at DeDe's in the two-month period following the accident. Rosella's last documented visit to Dr. LaFleur was on August 7, 1990. The examination summary reveals no medical opinion as to her ability to engage in any employment or self-employment.
Manny Gala, plaintiff's treating occupational therapist, testified that he first saw Rosella on July 10, 1990, at which time he noticed swelling of the finger with associated limited joint range of motion but no discoloration. Gala put her on a stretching and exercising program and fitted her with a new splint. She took therapy three days per week until August 6, 1990, at which time she cut back to once per week because of transportation problems. In Gala's opinion, Rosella was "disabled" from her work duties until some time in August. Gala gave no basis for this opinion which was presumably founded upon Rosella's complaints of pain.
Plaintiff testified that, after her injury, the pain in her finger would grow progressively worse as each workday progressed. While working after the accident, she had to use her left hand underneath the buckets for balancing while lifting them with her right hand. She personally loaded her truck with the flower buckets each weighing between 15 to 25 pounds.
Rosella's testimony was corroborated by Ackal, who stated that plaintiff's hand was swollen and discolored. Plaintiff's complaints of pain, according to Ackal, were uncharacteristic of her. The complaints centered around difficulty encountered in lifting buckets, driving and cleaning her truck. Ackal also stated that Rosella's injury caused her difficulty with her household cleaning chores.
Her employers testified that she only complained once of her pain and never complained to them of an inability to perform her duties.
After a thorough review of the record, we conclude that the trial court's determination of temporary total disability was manifestly erroneous. Plaintiff did not prove by clear and convincing evidence that she was unable to engage in any employment or self-employment following the accident. Rather, the record reflects that following the accident she continued to perform her job duties, albeit in some pain, and presumably left her employment because the pain in her finger would grow worse as each workday progressed. These circumstances do not support a finding that plaintiff was temporarily totally disabled during the period April 23, 1990 to August 6, 1990 and the hearing officer clearly erred in finding otherwise. Accordingly, we reverse the award of benefits for temporary total disability.

SUPPLEMENTAL EARNINGS BENEFITS
We next consider whether the record will support an amendment of the hearing officer's judgment to award supplemental earnings benefits. Under La. R.S. 23:1221(3) an injured employee is entitled to SEB if, by reason of the injury, the employee is unable, because of substantial pain, to engage in any employment or self-employment. The circumstances necessary to support such an award must be established by clear and convincing proof. The issue thus becomes whether the record, considered under the manifest error standard of review, establishes by clear and convincing proof, unaided by any presumption *1062 of disability, that solely as a consequence of substantial pain, plaintiff was unable during the aforesaid period to engage in any employment or self-employment.
Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied, 407 So.2d 735 (La.1981). The manifest error standard of review applies in worker's compensation cases and great deference is accorded to the trial judge's (hearing officer's) factual findings and reasonable evaluations of credibility. Dixon v. Louisiana Restaurant Association Through Self Insurers Service Bureau, Inc., 561 So.2d 135 (La.App. 3rd Cir.1990).
In our view, the evidence which we previously briefly summarized does not clearly and convincingly establish that plaintiff was unable during the period aforesaid to engage in any employment or self-employment as a consequence of substantial pain. Following the accident, plaintiff performed all the duties of her employment, albeit in some pain, for a period in excess of two months. Clearly, during this period plaintiff's pain was not so substantial as to be disabling. Further, the allowance of a credit to DeDe's for the week April 23 April 30 because of a finding that plaintiff had been offered temporary employment for this period which she refused belies the conclusion that the hearing officer found plaintiff's pain to be substantial enough so as to be disabling. Finally, the evidence is not convincing that plaintiff's condition became any worse after her employment terminated on April 23, 1990. In sum, we conclude that plaintiff is not entitled to an award of supplemental earnings benefits.
Our conclusion that all of plaintiff's medical expenses have been paid and that she is not entitled to any award of worker's compensation benefits requires a reversal of the hearing officer's award of penalties and attorney fees and renders moot appellant's other assignments of error and appellee's motion for an award of damages for frivolous appeal.
For these reasons, the judgment of the Office of Worker's Compensation is reversed and set aside and plaintiff's demands against Richard and Dione David d/b/a DeDe's Wholesale Florist are ordered dismissed with prejudice. Plaintiff-appellee, Karlina Rosella, is cast with all costs of these proceedings at the trial level and on appeal.
REVERSED.
NOTES
[1] This total amount reflects benefits due for the period from April 30, 1990 to August 6, 1990. The hearing officer granted DeDe's a credit for the week of April 23April 30 because she found DeDe's had offered plaintiff temporary employment for this one week period which plaintiff refused.