682 So.2d 942 (1996)
Rebecca ALFORD, PlaintiffAppellee,
v.
ACADIAN AMBULANCE SERVICE, INC., DefendantAppellant.
No. 96-639.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*943 Judith Zobie Gardner, Lafayette, for Rebecca Alford.
Douglas Jay Cochran, Baton Rouge, for Acadian Ambulance Service.
Before THIBODEAUX, COOKS and GREMILLION, JJ.
THIBODEAUX, Judge.
The Office of Workers' Compensation awarded plaintiff, Rebecca Alford, temporary total disability benefits and medical treatment expenses not to exceed $750.00 per health care provider. That judgment was affirmed by this court in an unpublished opinion. When the defendant, Acadian Ambulance Service, sought to offset certain medical expenses, Alford filed a Motion to Enforce the Judgment and to Tax Medical Expert Fees as Costs. The Office of Workers' Compensation disallowed the offset and taxed the deposition of one of the treating physicians, Dr. Norman Anseman, as costs, and assessed the defendant with penalties and attorney's fees.
Acadian Ambulance Service appeals. We affirm for the following reasons.

I.

ISSUES
The issues presented in this appeal are:
(1) whether the Office of Workers' Compensation's second judgment was a substantive amendment of its first judgment in violation of La.Code Civ.P. art. 1951 and, therefore, a nullity;
(2) whether defendant is entitled to an automatic self-operative credit under La.R.S. 23:1212;
(3) whether the deposition of Dr. Anseman was properly taxed as costs; and,
(4) whether attorney's fees and penalties were properly assessed.

II.

FACTS
Acadian Ambulance Service delivered a check for $7,397.41 to Ms. Alford's attorney in satisfaction of what it calculated to be the amount of the judgment awarded by the Office of Workers' Compensation and affirmed by this court. Acadian Ambulance arrived at this dollar amount by applying credits to which it claimed entitlement under La.R.S. 23:1212. Counsel for plaintiff accepted the check as partial payment and noted that it only covered the undisputed portion. When defendant failed to deliver the remaining amount due, plaintiff filed a Motion to Enforce the Judgment and to Tax Costs. The hearing officer issued a judgment in favor of the plaintiff. The hearing officer also found defendant to have acted in an arbitrary and capricious manner and, accordingly, assessed attorney's fees in the sum of $2,000.00 and penalties pursuant to La. R.S. 23:1201(F) on any compensation or medical benefits not paid within 30 days after the judgment became final.

III.

LAW AND DISCUSSION

A. Validity of Second Judgment
Defendant first argues that the second judgment of the Office of Workers' Compensation is a nullity in that it violated La. Code Civ.P. art. 1951 by substantively altering the judgment. That article states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
We find defendant's argument to be without merit. The second judgment is not an alteration or amendment as defendant contends; it is a separate and independent judgment *944 addressing different issues that are simply related to those in the initial judgment.
The first judgment provided the plaintiff, Rebecca Alford, with total temporary benefits for the period of her enrollment in a nursing program, not to exceed 52 weeks, and subject to any credits allowed by law. The judgment additionally ordered the payment of up to $750.00 for the expenses of each medical provider.
The second judgment addressed the issues of whether defendant was entitled to an offset for medical expenses already paid and whether the deposition costs of two expert witnesses could properly be assessed as court costs. Neither issue was covered by the initial judgment as they were specifically addressed for the first time at the hearing for plaintiff's Motion to Enforce the Judgment and Tax Costs. The assignment of attorney's fees and penalties was in response to the defendant's arbitrary and capricious manner in complying with the initial judgment and therefore cannot be construed to be an amendment. As such, the second judgment is in and of itself a new judgment on different issues, not an alteration, and is valid and binding.

B. Entitlement to La.R.S. 23:1212 Offset
Defendant asserts that it is entitled to a self-operating offset under La.R.S. 23:1212 for medical bills already covered by its medical plan. That statute provides in pertinent part:
Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses.
In making this argument, defendant relies on tenuously related jurisprudence and the words "payment" and "shall extinguish" found in the language of the statute itself to support its position that the credit is self-operative. Recently, the First Circuit Court of Appeal addressed this problem in Gentile v. Baton Rouge General Medical Center, 95-0348 (La.App. 1 Cir. 11/9/95), 665 So.2d 422. Gentile held that the employer's failure to affirmatively raise the issue of entitlement to credits for medical expenses under La.R.S. 23:1212 already paid by said employer and to prove amount paid by submitting evidence at trial precludes rights to such entitlement. The holding in Gentile reflects the general principle of La.Code Civ.P. art. 1005 which states that the extinguishment of any obligation "in any manner" must be set forth affirmatively as a defense. Defendant, Acadian Ambulance, did not at any time plead the offset; it merely availed itself of the credit on its own initiative. That was improper. The credit must be pleaded.
Acadian Ambulance's reliance on Mills v. Guaranty Industrial Contractors, 557 So.2d 326 (La.App. 4 Cir.1990) and Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3 Cir.1992) is unavailing. Mills allowed a credit for workers' compensation benefits even though a request for a setoff had not been pleaded. Mills, however, did not consider the specific issue which we confront: Is the credit for payment of medical expenses automatic under La.R.S. 23:1212 or should it be pleaded as an affirmative defense?
Mills relied on LaFleur v. Hartford Ins. Co., 449 So.2d 725 (La.App. 3 Cir.1984) and Bailey v. Zurich American Ins. Co., 503 So.2d 611 (La.App. 4 Cir.1987). Both LaFleur and Bailey allowed credits for workers' compensation benefits previously paid. Neither LaFleur nor Bailey gives any indication of whether the entitlement to such a credit was pleaded. Additionally, these cases were decided before the enactment of La. R.S. 23:1212. Moreover, LaFleur permitted a credit "to the extent allowed by law." Lafleur, 449 So.2d at 729. In this case, Acadian Ambulance is entitled to a credit for the previous payment of medical expenses but only to the extent allowed by La.Code Civ.P. art. 1005; that is, its answer should have set forth the extinguishment of that obligation.
Rosella v. DeDe's, 607 So.2d 1055 is equally unpersuasive. The trial court ordered medical care providers to pay the claimant's medical expenses and ordered these providers to reimburse State Farm. In reversing, our circuit observed that the medical care providers and State Farm were not parties to *945 the litigation and could not be compelled to pay. Rosella did observe that under La.R.S. 23:1212, the payment by State Farm of the claimant's medical expenses would have extinguished this claim. However, this language was clear dictum. Clearly, the basis for the decision in Rosella was the absence of the entities as parties to the lawsuit.
Although not entirely on point, Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3 Cir.1993) is more appropriate. Terro disallowed a credit for workers' compensation benefits and permitted one for wages earned. The opinion does not state the reasons for differentiating between the two; presumably, because the amount of supplemental earnings to which one is entitled under La.R.S. 23:1221(3)(a) is dependent upon the amount of the "average monthly wages earned," then a defendant is "clearly entitled" to a credit against the SEB award for wages earned. However, a defendant is not clearly entitled to a credit such as previously-paid compensation benefits unless specifically pleaded in its answer. Id. at 644.

C. Taxing of Expert's Deposition
Defendant next argues that the taxing of Dr. Anseman's deposition was not proper in that it is not relevant to the determination of the issues. The hearing officer found the deposition to be relevant. We find no abuse of discretion and affirm the taxing as costs of Dr. Anseman's deposition. It is routinely held that the trial court has broad discretion in awarding court costs and fixing expert witness fees. Sharbono v. H & S Construction Co. 478 So.2d 779 (La.App. 3 Cir.1985).

D. Assessing of Attorney's Fees and Penalties
Defendant finally argues that attorney's fees and penalties were not properly assessed. It is a well established jurisprudential principle that the determination of whether an employer is to be assessed attorney's fees and penalties is a question of fact and the hearing officer's findings shall not be disturbed absent manifest error. Woolley v. CAS Refining, Inc., 94-648 (La.App. 3 Cir. 1/11/95); 651 So.2d 860. We find no manifest error here since the defendant acted capriciously and arbitrarily in unilaterally applying a credit for medical expenses without first pleading it or allowing plaintiff the opportunity to question the availability of, i.e., its entitlement to, such a credit. There was no reasonable basis for defendant to interpret the La.R.S. 23:1212 offset as self-operating and openly defy the hearing officer's ruling regarding the payment of medical expenses by availing itself of an offset. Defendant's failure to pay what it was ordered to pay by the first judgment ultimately caused plaintiff to go back to court and incur further legal expenses.
Louisiana Revised Statute 23:1201(F) states in pertinent part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim.
This court in Frelow v. Mills, 94-799 (La.App. 3 Cir. 12/7/94); 647 So.2d 475, 481, stated that "a workers' compensation claimant is entitled to penalties and attorney fees if benefits are withheld or terminated arbitrarily, capriciously or without probable cause." We hold that defendant's withholding of medical expenses due, claiming entitlement to an offset according to its own interpretation of La.R.S. 23:1212, and giving claimant no prior notice of its availment of the offset constitutes arbitrary and capricious behavior. As such, the hearing officer's award of attorney fees and penalties was proper and shall not be disturbed.

IV.

CONCLUSION
For these reasons, the judgment of the Office of Workers' Compensation is affirmed.
AFFIRMED.