720 So.2d 808 (1998)
Ryan WATSON, Plaintiff-Appellee,
v.
Yolandera FUNDERBURK, et al., Defendants-Appellants.
No. 98-618.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*809 Roger Chadwick Edwards, Jr., Abbeville, for Ryan Watson.
Mark Alfred Ackal, Lafayette, for La. Employers Safety Assoc. Self Insurers Fund.
John S. Thibaut, Jr., Baton Rouge, for System Services of La., Inc. et al.
Before DOUCET, C.J., and COOKS and SULLIVAN, JJ.
COOKS, Judge.
Plaintiff, Ryan Watson, was involved in a two-vehicle accident on May 30, 1995, while engaged in the course and scope of his employment with System Services of Louisiana, Inc. Plaintiff was driving a vehicle owned by his employer and insured for liability and uninsured/underinsured motorist coverage by Royal Insurance Company of America. The truck plaintiff was driving was struck in the rear by a vehicle owned and operated by defendant, Yolandera Funderburk. Her vehicle was insured by Allstate Insurance Company. Allstate tendered its $10,000 policy limits, and it and Funderburk were dismissed from the proceedings. The remaining parties to the litigation were plaintiff, System, Royal and the Louisiana Employers Safety Association Self Insurers Fund (LESA). LESA is the worker's compensation insurer for System.
Plaintiff filed a motion for summary judgment claiming that LESA is not entitled to a credit for payments he may recover from Royal. The trial court granted plaintiff's motion for summary judgment. This appeal followed. LESA now argues the trial court erred in concluding that an uninsured motorists' insurance policy may exclude a workers' compensation insurer's credit toward future compensation obligations.

ANALYSIS
The Louisiana Supreme Court in Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95); 656 So.2d 1000, held parties who are solidary obligors by law, may limit their solidarity by contract. La.R.S. 23:1212. The issue in Travelers was "whether an employer's UM policy exclusion may prevent a workers compensation insurer from recovering compensation benefits paid to the UM policyholder's employee injured by an uninsured/underinsured motorist." Travelers, 656 So.2d at 1003. Relying on the individual's right to contract on all matters not forbidden by law, the supreme court held "no statute prohibits an employer from contracting with its UM insurer to exclude compensation reimbursement." Travelers, 656 So.2d at 1004.
LESA points out that it is not seeking reimbursement from Royal; but, it is merely seeking a credit toward future obligations owed under the workers' compensation act against underinsured motorist proceeds which may be paid to plaintiff from Royal. Stated differently, LESA contends the "legal issue decided by the Supreme Court in Travelers is substantially different from the issue before this court," because it is not seeking reimbursement from Royal; but only a credit against plaintiff's future entitlement to workers' compensation benefits.
The Fourth Circuit in Cleaning Specialists, Inc. v. Johnson, 96-2677 (La.App. 4 Cir. 5/21/97); 695 So.2d 562, writ denied, 97-1687 (La.10/3/97); 701 So.2d 210, has addressed the very issue posed to this court. Deciding that the compensation carriers cannot claim an offset or credit in such instances, the court held:
The central issue in these consolidated cases is whether an employer's compensation insurer has a right to reimbursement and/or credit from the employer's uninsured/underinsured (UM) motorist carrier even though the UM policy specifically excludes any benefit to the compensation carrier. Because these cases involve the same factual scenario and the legal issues are intertwined, we have consolidated them for purposes of this appeal. One is an *810 appeal, 96-CA2677, from a decision of the Office of Workers' Compensation in the compensation claim filed by the injured employee and the other involves an appeal, 96-CA-0001, from the dismissal of the UM insurer from the employee's tort suit in which the compensation carrier intervened. The worker's compensation hearing officer held that the UM carrier's exclusion of the compensation insurer's right to reimbursement is against public policy and unenforceable. Based on our appreciation of the holding in Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, we disagree.
* * * * * *
The Louisiana Construction makes the additional argument that Travelers is distinguishable because the claim in that case was for reimbursement of compensation already paid whereas in this case a credit against future compensation payments is sought. We find no merit in that argument because the rationale of Travelers is not supportive of that distinction. The exclusionary clause prohibits any "direct or indirect benefit." A credit against future obligations would certainly be an indirect benefit, if not a direct one.
Id. at pp. 1, 5; 695 So.2d at 563, 565.
LESA argues the decision in Cleaning Specialists overlooks important legal principles such as solidarity. However, we note the supreme court in Fertitta v. Allstate Insurance Co., 462 So.2d 159 (La.1985), albeit in dictum, stated that solidarity could be affected by contract.
The jurisprudence cited by LESA is unpersuasive. It cites Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3 Cir.1992) as support for its right to a credit/offset. However, this court in Alford v. Acadian Ambulance Service, Inc., 96-639, pp. 5-6 (La.App. 3 Cir. 11/6/96); 682 So.2d 942, 944-45, clarified our holding in Rosella:
The trial court [in Rosella] ordered medical care providers to pay the claimant's medical expenses and ordered these providers to reimburse State Farm. In reversing, our circuit observed that the medical care providers and State Farm were not parties to the litigation and could not be compelled to pay. Rosella did observe that under La.R.S. 23:1212, the payment by State Farm of the claimant's medical expenses would have extinguished this claim. However, this language was clear dictum. Clearly, the basis for the decision in Rosella was the absence of the entities as parties to the lawsuit.
LESA also cites Principal Mut. Life Ins. Co. v. Progressive United Corp., 28,378 (La.App. 2 Cir. 5/8/96); 674 So.2d 1073, writ denied, 96-1474 (La.9/20/96); 679 So.2d 436, and notes the second circuit held a group health insurer was subrogated to the employee's right to recover the percentage of medical expenses paid which was equal to the percentage of the employee's direct monetary contribution toward group health premiums. This case is factually different from the present and does not support LESA's contention.
We recognize that UM policies provide secondary coverage for the losses incurred by injured victims when tortfeasors are either uninsured or underinsured. The jurisprudence and statutory law also allow compensation carriers to seek reimbursement from or credit against settlements or awards paid injured employees by third party tortfeasors or their carriers. It is reasonable to argue since the liability of UM carriers directly hinges on the tortfeasors' failure to secure adequate insurance coverage, for all practical purposes they should step in the "shoes of the tortfeasors," at least to the extent of the UM policy limits. On the other hand, it is just as reasonable to argue the UM carriers should wear the same shoes as health insurers who contract with plaintiffs or employers to provide medical benefits, though they may result from the negligent or intentional acts of third parties. In the latter instance, we have held the workers' compensation carrier is not entitled to a credit or reimbursement from the benefits paid by these insurers. Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982); Woolsey v. Cotton Bros. Bakery, 535 So.2d 1119 (La.App. 2 Cir.1988), writ denied, 537 So.2d 1168 (La.1989). Exactly what pair of shoes fits LESA in this instance is the larger issue. But the supreme court, thus far, and the fourth circuit have not tackled this question; *811 and LESA, in brief, did not advance it. We will not pursue it without urging; and, today, join our brethren on the fourth circuit in rejecting LESA's demand for a credit on the grounds specifically asserted. Accordingly, the trial court did not err in granting plaintiff's motion for summary judgment based on prevailing jurisprudence.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.