914 So.2d 1113 (2005)
Emiliano V. VIADA
v.
A & A MACHINE WORKS, INC.
No. 2005-CA-0210.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 2005.
*1114 Brooke C. Andry, Marsha B. Martin, Andry & Andry, L.L.C., New Orleans, LA, for Plaintiff/Appellee.
Stephen W. Glusman, Glusman, Broyles & Glusman, Baton Rouge, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
DAVID S. GORBATY, Judge.
In this appeal, A & A Machine Works, Inc. and Louisiana Homebuilders Association Self Insurer Fund (collectively, "Employer") contend that the workers' compensation judge erred in denying their claim for an offset. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY
This action was filed by the Employer seeking recognition of an offset or credit against future workers' compensation benefits that might otherwise be due. The matter was submitted to the court on a stipulation of facts and for consideration of the issue of law.
The facts stipulated to are set forth in the trial court's judgment and are as follows:[1]
1. Emiliano V. Viada was injured while employed by A & A Machine works on October 7, 1999 in an automobile accident while driving his employer's vehicle. The employee has received workers' compensation benefits and continues to receive such benefits.
2. Charter Insurance Company had issued a policy of insurance covering the driver of the other vehicle involved *1115 in the accident, Rene A. Hidalgo, with limits of $20,000.00. A settlement was reached for a payment of $20,000.00.
3. The settlement proceeds from the Charter policy are not at issue in this matter.
4. A policy of insurance was also issued by Liberty Mutual Insurance Company ("Liberty Mutual") to the employer and was paid for by the employer.
5. The Liberty Mutual policy provided coverage for uninsured motorists in the amount of $300,000.00. Though the policy itself shows limits of $300,000.00, due to issues regarding the validity of the selection of lower limits than the liability limits on the policy, the limit for UM coverage was $1,000,000.00.
6. Liberty Mutual paid its policy limits of $1,000,000.00 to the employee, Emiliano V. Viada.
7. There are no current disputes arising out of the payment of workers' compensation benefits, except for the employer's contention that it is entitled to a credit pursuant to La. R.S. 23:1101-1103, particularly the provisions of La. R.S. 23:1102.
* * *
9. The sole matter for consideration by the court is whether the employer is entitled to receive a credit against future compensation benefits that might be due to the extent of the proceeds of the insurance policy, $1,000,000.00 less attorney fees and costs incurred in prosecuting the claim.
The workers' compensation court signed a judgment on October 28, 2004 denying appellants' claim for an offset. This appeal followed.

DISCUSSION
Appellants contend that the workers' compensation judge erred in finding that the appellants are not entitled to a credit against future workers' compensation benefits in the amount of $1,000,000.00 less the amount of attorney fees and costs incurred in prosecuting the claim against the uninsured motorist insurer.
A & A Machine Works had UM insurance through Liberty Mutual for the vehicle that Mr. Viada was driving on the job when he was injured. The Liberty Mutual policy, on page three of Part One, "B. EXCLUSIONS," states its exclusion from its uninsured and underinsured motorist coverage:
3. WORKERS' COMPENSATION. Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation ... law ..."
Further, in the UNINSURED MOTORISTS COVERAGE ENDORSEMENT, page one, the Liberty Mutual policy states:
C. EXCLUSIONS. This insurance does not apply to ... 2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation ... or similar law.
The clear language of the policy in these congruent parts excludes direct or indirect benefits to a workers' compensation insurer. The jurisprudence has enforced such exclusions.
In Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, the Louisiana Supreme Court examined an exclusion identical to the one at issue here. The Court held that "[a]lthough a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the *1116 Civil Code's freedom to contract on all matters not forbidden by law or public policy." Id. at 1005.
Watson v. Funderburk, 98-0618 (La.App. 3 Cir. 10/28/98), 720 So.2d 808, and Cleaning Specialists, Inc. v. Johnson, 96-2677 (La.App. 4 Cir. 5/21/97), 695 So.2d 562, rejected the arguments of the compensation insurer that it should be allowed credit for future payments of workers' compensation benefits to the injured employee. The courts dealt with exclusionary clauses that, like the one at hand, prohibited "direct or indirect benefit" to the compensation insurer. Unquestionably, credit against future obligations is an indirect, if not direct, benefit. As a result, these courts concluded that the employer contracted away the compensation insurer's right under La. R.S. 23:1103 to a credit against future obligations to the employee. Watson, 98-0618, p. 3, 720 So.2d at 810; Cleaning Specialists, 695 So.2d at 565.
Further, where the exclusion of the UM policy of the employer "prohibits any direct or indirect benefit to the compensation insurer, it applies to compensation already paid as well as to any future compensation payable by the compensation insurer." Tommie's Novelty v. Velasco, 37,-924, p. 7 (La.App. 2 Cir. 2/26/04), 868 So.2d 962, 966.
In Bergeron v. Williams, 99-0887 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, 1089, the court held that the trial court correctly denied the LWCC's claim for a credit to the proceeds of the employer's UM policy, stating:
We agree that LWCC's right to a future credit falls within the terms of the exclusion clause contained in the insurance policy between Bluewater and Audubon. As pointed out in Cleaning Specialists, Inc., 695 So.2d at 565, the right to a future credit is a benefit to LWCC, whether it be direct or indirect. Further, we note that, in Travelers Insurance Company, 656 So.2d at 1004, the supreme court emphasized the strong public policy supporting full recovery for innocent automobile accident victims by making UM coverage available when they are injured by impecunious tortfeasors, as well as the importance of Louisiana Civil Code principles establishing freedom to contract on all matters not forbidden by law.
In light of the above mentioned jurisprudence, we find that the workers' compensation judge correctly denied appellants a credit against future workers' compensation benefits. This assignment of error has no merit.
Appellants also assign as error the workers' compensation judge's finding that the workers' compensation carrier and the uninsured motorist carrier are not solidary obligors. Relying on Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993), appellants aver that the relationship between the workers' compensation obligor and tortfeasors or UM insurers is solidary to the extent of the overlapping obligations.
Louisiana Civil Code article 2082 (now codified at La.C.C. art. 1787) defines solidary obligors as follows: "When several persons obligate themselves to the oblige by the terms in solido, or use any other expressions, which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors."
The Louisiana Supreme Court discussed solidarity in A. Copeland Enterprises, Inc. v. Slidell Memorial Hospital, 94-2011 (La.6/30/95), 657 So.2d 1292, 1297:
[U]nder article 1829(3), the initial inquiry is whether the obligor is bound "with or for others," and in order for an *1117 obligor to be bound, the obligation must be solidary and indivisible. An obligation is solidary among debtors when they are obliged to do the same thing, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other. La.C.C. art. 1794; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
Solidary liability is never presumed and arises only from a clear expression of the parties' intent or from law. La.C.C. art. 1796. Consequently, an insurer bound to repair the damage caused by a tortfeasor is solidarily liable with the tortfeasor because both are obligated to the same thing, repair of the tort damage. Fertitta v. Allstate Ins. Co., 462 So.2d 159 (La.1985). See La.R.S. 22:1406(D)(1)(a); La.R.S. 22:655(B)(1).
On the other hand, medical insurers are not obligated to repair tort damages. A medical insurer contracts to pay stipulated medical expenses, regardless of whether there is a tortfeasor and tort liability. The medical insurer thus pays its own debt, not that of the tortfeasor, and the two are not obligated to "the same thing." See Fertitta, 462 So.2d at 164, n. 7; 2 Planiol Ripert, Traite Elemenntaire de Droit Civil, p. 1. no. 491 n. 27, at 278 (La.St.L.Inst.trans. 11th ed.1959). We also recognized that Article 1829(3) is an exception to the general rule that subrogation does not take place when a third person pays the debt of another. La.C.C. art. 1855 states the general rule that "performance rendered by a third person effects subrogation only when so provided by law or agreement."
The instant claim does not lie in a district court but in a special forum, the Office of Workers' Compensation. The claim plaintiff has against each entity  his workers' compensation claim against his employer and its insurer, on one hand, and against the UM insurer of his employer's vehicle sounding in tort, on the other hand  arise from separate parts of Louisiana law. Mr. Viada's claims are different entities. The elements of damage to be compensated by the two insurers are not identical. For example, the UM insurer can compensate for pain and suffering, mental anguish, loss of consortium, and other items of special and general damage, that are specifically excluded from the scope of compensation under workers' compensation jurisprudence.
Thus, the employer's workers' compensation carrier and UM carrier are not solidary obligors. Each is not bound for the whole. The damages for which the UM carrier may be held here are different from those for which a workers' compensation carrier can be held. We find no error in this ruling of the lower court.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the workers' compensation court is affirmed.
NOTES
[1] An amended stipulation was filed to reflect that due to a defect in the selection of lower limits, the actual amount of proceeds paid under the policy to Emiliano Viada was $1,000,000.00.