355 So.2d 1082 (1978)
Donald ANDERSEN
v.
EAGLE ASBESTOS COMPANY and the Commercial Union Assurance Company.
No. 9094.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Darleen M. Jacobs, New Orleans, for plaintiff-appellee.
Drury, Lozes & Curry, James H. Drury, New Orleans, for defendants-appellants.
Before GULOTTA, SCHOTT and WICKER, JJ.
GULOTTA, Judge.
Defendants, appealing from a judgment awarding workmen's compensation benefits based on total and permanent disability, claim that the medical evidence indicates plaintiff suffered only a partial permanent disability of the left knee and was able to return to his pre-injury asbestos insulation *1083 work. Pointing out that they have paid all of plaintiff's medical bills, defendants further complain of the judgment awarding past medical expenses incurred and any amount for future medical expenses as they become necessary.
While working on a scaffold when a board broke, plaintiff fell and suffered a work-connected compound comminuted fracture of the left knee cap and tear of a tendon which required surgical repair and a wire insertion. A six-week leg cast was required and 10 weeks of physical therapy was administered. Three orthopedic surgeons estimated the range of disability of the left extremity from 15-30%. The orthopedists were in agreement that flexion of the knee and mobility of movement has been reduced to 90°.[1] Although the treating orthopedist discharged plaintiff to return to his pre-injury work, all medical experts were in virtual agreement that plaintiff's job, requiring stooping and climbing approximately 50 times per day, would probably result in pain and might be hazardous where climbing is involved. Based on this medical evidence and that of plaintiff, who stated that he had attempted to return to his pre-injury occupation on advice of the treating orthopedist and had been unable to work without experiencing pain, we cannot say the trial judge erred in his determination of total permanent disability.
We further find no error in the judgment which "awarded all medical expenses incurred in the past and an amount of money for future medical payments as they become necessary". Defendant points out that there are no outstanding medical expenses due; however, there was indication from the medical evidence that further surgical intervention might reduce plaintiff's disability and increase mobility of the extremity. The settled rule is that a workmen's compensation claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to him, even though defendant's liability for them arises only when they are incurred.[2] The judgment for past expenses obviously refers to those expenses not paid by defendants, and the award for "future medical payments as they become necessary" merely confirms plaintiff's right to claim the expenses as they become due. Because defendants are responsible for the payment of medical expenses incurred in connection with workconnected injury, we perceive no prejudice to defendants by the wording of the trial court's judgment relating to their payment.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] According to the orthopedists, the normal range of motion is from 0-135° upward to approximately 160° depending on the individual.
[2] LSA-R.S. 23:1203; Deshotels v. Fidelity and Casualty Company of New York, 324 So.2d 895 (La.App. 3d Cir. 1975), writ refused, 328 So.2d 376 (La.1976); Manuel v. Jennings Lumber Company, 248 So.2d 908 (La.App. 3d Cir. 1971), writ denied, 259 La. 757, 252 So.2d 454 (1971).