635 So.2d 591 (1994)
Fred J. HAYES, Plaintiff/Appellee,
v.
LOUISIANA RISK MANAGEMENT and the Town of Henderson, Defendants/Appellants.
No. 93-1144.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
Allan Leland Durand, Lafayette, for Fred J. Hayes.
James E. Moore Jr., Lafayette, for Louisiana Risk Management.
Before DOUCET and THIBODEAUX, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
The issue presented by this appeal is whether the hearing officer erred in imposing penalties and attorney's fees pursuant to La.R.S. 23:1201 F and 1201.2 for the defendants' delay in authorizing diagnostic testing and surgery for a worker's compensation claimant. For the following reasons we find that the facts presented do not support an award for penalties and attorney's fees under the statutes cited. We therefore reverse and render.
Fred Hayes filed a claim against his employer, the Town of Henderson, and its worker's *592 compensation insurer, Louisiana Risk Management, for medical benefits associated with a work-related accident that occurred in March of 1990. This claim was tried on April 3, 1992. On September 2, 1992, the hearing officer rendered judgment in favor of Hayes, ordering Risk Management to "incur the cost of additional diagnostic testing recommended by Dr. J. Robert Rivet and thereafter the surgery, if Dr. Rivet determines that it is warranted." The hearing officer denied Hayes' request for attorney's fees, finding that the defendants did not act in an arbitrary and capricious manner. Risk Management never appealed this judgment, and it has since become final.
On two occasionsSeptember 9, 1992 and February 4, 1993Hayes' attorney wrote to defense counsel inquiring as to when Hayes could see Dr. Rivet about the testing and possible surgery. The record does not reveal any response by Risk Management to Hayes' inquiries. On March 22, 1993, Hayes filed the instant petition alleging entitlement to the 24% penalty or $100.00 per day penalty of La.R.S. 23:1201 F for the failure to pay medical benefits payable under the terms of a final, nonappealable judgment. Hayes also sought attorney's fees under 23:1201.2, contending that Risk Management's failure to comply with the judgment was arbitrary and capricious. After a hearing, the administrative officer ruled in Hayes' favor, awarding penalties not to exceed $3,000.00 and attorney's fees of $500.00. After its motion for a new trial was denied, Risk Management perfected this appeal.
At the time of Hayes' injury and the rendition of the judgment ordering the defendants to incur the disputed medical expenses, La. R.S. 23:1201 F imposed a 24% penalty for the nonpayment of "any compensation" payable under the terms of a final, nonappealable judgment. In 1992, the legislature amended the statute to cover the nonpayment of "any compensation or medical benefits," effective January 1, 1993. Thus, one construction is that the statute in effect at the time of Hayes' injury did not impose a penalty for the nonpayment of medical expenses. See our interpretation of La.R.S. 23:1201 E in Dubois v. Diamond M. Corp., 559 So.2d 777 (La.App. 3d Cir.), writ denied, 563 So.2d 866 (La.1990). However, we find that even under the most recent version of the statute, the penalties should not have been awarded in this case.
In both enactments, subsection 1201 F imposes a penalty if an amount payable under a final, nonappealable judgment is not paid within 30 days "after it becomes due." It is well settled that liability for medical expenses in a worker's compensation claim arises only as those expenses are incurred. Frazier v. Conagra, Inc., 552 So.2d 536 (La. App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990); Andersen v. Eagle Asbestos Co., 355 So.2d 1082 (La.App. 3d Cir.1978); Deshotels v. Fidelity & Casualty Co. of New York, 324 So.2d 895 (La.App. 3d Cir.1975), writ denied, 328 So.2d 376 (La.1976).
The plaintiff has not introduced any medical bills that the defendants have failed to pay, nor has the plaintiff shown that the defendants failed to authorize any procedure upon Dr. Rivet's request. Indeed, the defendants argue in their brief and the plaintiff does not contest, that the testing and surgery had been performed and paid for before hearing on the instant matter. The basis for the hearing officer's award of penalties was that the defendants had an affirmative duty to contact the doctor because "we all know that doctors' offices await approval of the insurance company or employer before they will do medical testing...."
La.R.S. 23:1201 F is a penal statute and therefore must be strictly construed. Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050 (La.App. 3d Cir.1990). Bound by this construction, we must respectfully disagree with the hearing officer's application of subsection 1201 F. First, the statute contains no language regarding a prior guarantee of payment. It's purpose, rather, is to remedy past due delinquencies. See Lytell v. Strickland Transp. Co., Inc., 373 So.2d 138 (La. 1979). Further, the judgment of September 2, 1992 did not order the defendants to issue a prior guarantee; it only ordered them to incur the expenses of the requested procedures. The judgment in effect recognized that the disputed medical procedures were necessary for the treatment of the plaintiff's *593 work-related condition. Defendants then became liable for those expense under La.R.S. 23:1203, i.e., when they were incurred.
Second, the record contains no evidence of the doctors' office practice referred to by the hearing officer, and we find no authority in the jurisprudence imposing an affirmative duty on the insurance carrier to contact a doctor to schedule medical procedures. See Jordan v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 114 (La.App. 5th Cir.1991), writ denied, 592 So.2d 411 (La.1992), where the court denied an award for penalties and attorney's fees based upon an adjuster's uncontradicted testimony that the doctor's office, and not the insurance company, is responsible for scheduling medical testing.
We also find that the hearing officer erred in awarding attorney's fees under La.R.S. 23:1201.2. That statute requires a finding that the defendant acted arbitrarily and capriciously and without probable cause before attorney's fees can be assessed. The hearing officer failed to make such a finding in this case, and we find that the record is void of any evidence to support such a conclusion. If, as the hearing officer assumed, all doctors in fact require prior guarantees of payment before performing testing, then in certain instances, a defendant's refusal to guarantee such testing may be subject to the imposition of attorney's fees. See, for example, the analysis in Landry v. Central Industries, Inc., 592 So.2d 478, at 482 (La.App. 3d Cir. 1992). However, that is not the situation presented herein, as there has been no proof of a refusal to authorize testing.
For the above reasons, the judgment of the trial court is reversed at plaintiff-appellee's cost.
REVERSED AND REMANDED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.