674 So.2d 1073 (1996)
PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Plaintiff-Respondent,
v.
PROGRESSIVE UNITED CORPORATION, d/b/a KVKI, Defendant-Applicant.
No. 28378-CW.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
Mayer, Smith & Roberts by Frank K. Carroll, Shreveport, for Defendant-Applicant.
Kantrow, Spaht, Weaver & Blitzer by Martin E. Golden, Baton Rouge, for Plaintiff-Respondent.
Before MARVIN, NORRIS and BROWN, JJ.
MARVIN, Chief Judge.
In this dispute between the plaintiff-group health insurer and the defendant-employer of an injured employee, we granted a writ to review the Workers' Compensation Hearing Officer's denial of the employer's exception of no cause of action. The issue presented by the exception is whether LRS 23:1212, which took effect January 1, 1990, allows the group health insurer to recover from the employer, who is self-insured for workers' compensation, *1074 all or part of the medical expense benefits paid to the employee-insured under the group health policy.
Our review of the record convinces us that the exception was properly denied. We affirm the WCHO's ruling for these reasons:

FACTUAL AND LEGAL CONTEXT
For purposes of the exception of no cause of action, we accept as true these allegations of the plaintiff-health insurer, Principal Mutual Life Insurance Co.:
The employee, Showalter, was injured in the course and scope of his employment with the defendant, Progressive United Corporation, doing business as the radio station KVKI, on March 8, 1994.
Principal Mutual paid about $11,000 of the medical expenses Showalter incurred for treatment of the work injury, which expenses apparently total over $14,000.
Under LRS 23:1203, KVKI is legally obligated to Showalter for payment of all medical expenses relating to his work injury.
Under the terms of the group health policy, Principal Mutual is subrogated to Showalter's rights against KVKI, to the full extent of the benefits paid by Principal Mutual under that policy.
Alternatively, and in the event that LRS 23:1212 bars Principal Mutual from recovering the portion of the group health insurance payments attributable to the percentage of premiums for that coverage paid by KVKI, Principal Mutual may recover from KVKI the portion of the group health payments corresponding to the percentage of group health insurance premiums paid by Showalter or by his wife individually.
Showalter paid an as-yet unspecified portion of the premiums for the group health coverage.
KVKI's exception is premised on the assertions that the right to recover medical expenses under § 1203 is personal to the injured employee, and that Principal Mutual's payment of a portion of Showalter's medical expenses had the effect of extinguishing KVKI's obligation for those expenses, by the express wording of § 1212.

LRS 23:1212
The litigants generally agree that § 1212 applies here, but advance differing interpretations of the statute's meaning. To facilitate discussion, we emphasize both the sentence sequence and the content of the statute, which was enacted by the legislature as a single paragraph:
§ 1212. Medical expense offset.
[First sentence]
Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses.

[Second sentence]
This Section shall not be regarded as a violation of R.S. 23:1163 [which otherwise prohibits the employer from charging the employee with the cost of compensation, directly or indirectly].
[Third sentence]
If the employee or the employee's spouse actually pay premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.

The statute has been aptly described in the Malone-Johnson workers' compensation treatise as
[a]n interesting provision of uncertain import... It specifies that payment "by any person or entity other than a direct payment by the employee, a relative or friend of the employee," of medical expenses otherwise owed by the employer extinguishes the claim against the employer or carrier for those expenses. This provision is specifically stated not to be a violation of LSA-R.S. 23:1163, which otherwise prohibits any direct or indirect charging of the cost of compensation to the employee. However, if the employer and the employee (or the spouse's employer and the employee's spouse) have shared the cost *1075 of premiums for health and accident insurance (which is the most likely source of the payment envisioned by the section), the offset applies only in the same percentage in which the employer paid the premiums.

Malone & Johnson, Workers' Compensation Law and Practice, 13 Louisiana Civil Law Treatise (3d ed. 1994), § 287 at pp. 791-792. Our emphasis.
On its face, the statute speaks rather broadly of "the claim" against the employer being extinguished in the first sentence, but refers to a more limited or partial offset of the claim in the third sentence. We must construe the statutory provisions as a meaningful whole, and not in isolation, to reconcile the apparent or arguable inconsistencies and to discern the legislature's intention as to the purpose, meaning and scope of the statute. Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La. 9/22/95), 660 So.2d 841; O'Neal v. Jackson Parish Police Jury, 27,452 (La.App. 2d Cir. 6/21/95), 658 So.2d 240.
For almost a decade before § 1212 was enacted, the courts concluded that § 1163's general prohibition against charging the employee with the cost of workers' compensation, directly or indirectly, prevented the employer from receiving a credit or offset against its § 1203 medical expense obligation for payments made toward those expenses by someone other than the employer or the w.c. insurer, such as the employee's group health insurer. See, for example, Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982) and Woolsey v. Cotton Bros. Bakery, 535 So.2d 1119 (La.App. 2d Cir.1988), writ denied. The employee who paid a portion of the premiums for group health coverage was regarded as having contributed to that coverage directly. Even, however, in circumstances where the employer paid the entire monetary premium for the group health coverage, the employee was deemed to have contributed to the coverage indirectly, based on the rationale that the coverage constituted a fringe benefit of the employment, part of what the employee "earned" from the employer as remuneration for his or her work.
With this historical backdrop, and in light of the legislature's express statement in the second sentence of § 1212 that the provisions of § 1212 shall not be regarded as a violation of § 1163, we conclude that the legislature, by adopting § 1212, intended to allow or to grant the employer a credit or offset against the employer's § 1203 medical expense obligation for medical expenses paid by someone other than the employee or a relative or friend of the employee. The legislature clearly coupled this credit or offset, however, with a proviso that the credit or offset is not available to the employer for that portion of the medical expense payments made by a health insurer which corresponds to premium payments, or direct monetary contributions, for the health insurance coverage made by the employee or by his or her spouse.
We accept as true the allegations here that the employee, Showalter, paid a portion of the premiums for the Principal Mutual group health insurance, which insurance apparently covered only about 80 percent of Showalter's medical expenses. KVKI does not dispute that Showalter retained the right to claim from his employer, under § 1203, the medical expenses that were not paid by Principal Mutual. KVKI has apparently paid these expenses to Showalter in a separate w.c. action. Additionally, Showalter retained the right to claim from his employer a percentage of the medical expenses that were paid by Principal Mutual, equal to the percentage of Showalter's direct monetary contribution toward the group health insurance premiums. In the latter respect, KVKI's § 1203 obligation to Showalter has not been offset or extinguished, as we appreciate § 1212. With respect to the group health insurance payments attributable to KVKI's percentage of premium contributions, however, KVKI's § 1203 obligation has been offset or extinguished under § 1212.
Again accepting as true Principal Mutual's allegation that Showalter has conventionally subrogated Principal Mutual to his rights against KVKI, to the extent of the payments made under Principal Mutual's policy, it seems clear that Principal Mutual may assert against KVKI, the subrogated rights of Showalter, i.e., the same rights which Showalter *1076 himself could have asserted against KVKI but for the subrogation. See generally CC Arts. 1825-1827. See also Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981) and Smith v. Manville Forest Products Corp., 521 So.2d 772 (La.App. 2d Cir.1988), writ denied.
KVKI's argument that Principal Mutual's payment of a portion of Showalter's medical expenses "extinguished" KVKI's § 1203 obligation for the entire amount of those payments focuses only on the first sentence of § 1212, without giving effect to the other sentences in the statute. KVKI's emphasis on the general principle that the right to recover medical expenses under § 1203 is "personal" to the injured employee overlooks the fact that Principal Mutual is effectively asserting Showalter's rights here, which rights Principal Mutual claims to have acquired by conventional subrogation.
The primary cases cited by KVKI in support of its exception are Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3d Cir.1992); Bradley v. Arnold Lege Alligator Farm, 625 So.2d 591 (La.App. 3d Cir. 1993); and LeBlanc v. Cajun Painting, Inc., 94-1609 (La.App. 1st Cir. 4/7/95), 654 So.2d 800, writ denied. These cases are of little help to us, however, for sundry reasons: The third party who had paid a portion of the injured employee's medical expenses was not a party to the action (Rosella, Bradley). The action arose before § 1212 took effect (LeBlanc). The employee did not contribute to the premiums paid to the third-party insurer, thus making it unnecessary for the court to consider the third sentence of § 1212 (In Rosella, the medical expenses were paid by the employer's automobile liability insurer; the major medical insurance coverage in Bradley was carried by the 19-year-old injured employee's father). Finally, none of these cases mentioned or attempted to apply the law of subrogation, which is asserted here as an element of the third-party insurer's cause of action.

LRS 23:1205(B)
As part of its opposition to KVKI's peremptory exception, Principal Mutual argued below for retroactive application of LRS 23:1205(B), enacted by Acts 1995, No. 449:
[Subsection A, which was already in effect, gives w.c. claims the same priority over the employer's assets as is granted for unpaid wages.]
B. Any company which contracts for health care benefits for an employee shall have a right of reimbursement against the entity responsible for the payment of workers' compensation benefits for such employee if the company paid health care benefits for which such entity is liable. The amount of reimbursement shall not exceed the amount of the entity's liability for the workers' compensation benefit. In the event the company seeks recovery for such in conjunction with a claim against any other party brought by the employee, the company may be charged with a proportionate share of the reasonable and necessary costs, including attorney fees, incurred by the employee in the advancement of his claim or suit.
The 1995 legislation took effect August 15, 1995, after Showalter's 1994 injury and after Principal Mutual's subrogation action was filed in March 1995. The legislature did not amend, repeal or otherwise change § 1212 when it adopted § 1205(B).
Principal Mutual's argument for retroactive application of § 1205(B) was premised on the assertion that the legislature enacted that provision merely to "interpret" or to "clarify" what the legislature has always intended the law to be on the reimbursement issue, without substantively changing the law. See generally Duncan v. South Central Bell, 608 So.2d 649 (La.App. 2d Cir.1992), writ denied.
The WCHO declined to apply § 1205(B) retroactively, noting that the law in effect at the time of a work injury generally governs w.c. claims. Garrett, supra; Strange v. Combustion Engineering, Inc., 94-0215 (La. App. 1st Cir. 12/22/94), 649 So.2d 69. Agreeing with the WCHO's conclusion and reasoning, and additionally noting that the 1995 legislation appears to make substantive, and not merely procedural or interpretative, changes to the w.c. law, we conclude that § 1212, which was in effect at the time of *1077 Showalter's injury, controls this action. We make no attempt to interpret or to reconcile the provisions of §§ 1212 and 1205(B) with respect to reimbursement claims that arise after the effective date of § 1205(B).

CONCLUSION
Principal Mutual has asserted two claims against KVKI in this action: a claim for full recovery of the medical expenses paid under the group health insurance policy, or alternatively, a claim for partial recovery of those expenses, based on Showalter's proportionate share of the group health insurance premium payments. As discussed supra, § 1212 bars the former claim but not the latter. Because Principal Mutual has alleged facts which, if proven, will allow recovery on at least one of the claims asserted against KVKI, the exception of no cause of action was properly denied. See and compare Everything on Wheels v. Subaru South, 616 So.2d 1234 (La. 1993) and Teague v. Scott, 597 So.2d 1060 (La.App. 2d Cir.1992).

DECREE
The WCHO's order denying the exception of no cause of action is AFFIRMED.