JiPETERS, Judge.
The issue in this appeal is whether the hearing officer erred in failing to award pen *495 alties and attorney fees for the defendant’s failure to pay a final judgment obtained in a workers’ compensation suit.
DISCUSSION OF THE RECORD
On November 14, 1987, Henry Broussard was injured in an automobile accident while in the course and scope of his employment as a self-employed truck driver. As a result his injuries, Broussard filed a workers’ compensation suit against his workers’ compensation insurer, U.S. Fire Insurance Company (U.S. Fire). Broussard also filed a tort suit in connection with the accident, and U.S. Fire intervened in that action to recover compensation benefits and medical expenses paid to Broussard under its policy.
The tort suit was tried in September of 1990. Reasons for judgment were signed laby the trial court on April 9, 1991, and supplemented by further reasons on July 25, 1991. In the reasons and supplemental reasons, the trial court concluded that Brous-sard was entitled to recover damages from the tortfeasor in the total amount of $243,-196.78, which included $10,333.78 for past medical expenses; $36,195.00 for past lost income; and $124,668.00 for future lost income. The trial court also concluded that U.S. Fire was entitled to full indemnity for the amounts it had paid on Broussard’s behalf: $10,258.78 for ipedical expenses and $13,362.00 for past compensation benefits. Judgment to this effect was filed on October 23,1991. Although the i’easons for judgment do not mention a future credit for workers’ compensation benefits to U.S. Fire, the signed judgment provides that U.S. Fire “is also entitled to a credit for additional workers’ compensation benefits ... up to as [sic] the amount of lost income awarded ... to HENRY BROUSSARD.”
In February of 1992, U.S. Fire and Brous-sard signed a Receipt and Release, in which U.S. Fire acknowledged receipt of $31,066.57 as full payment of the funds paid by it. In the Receipt and Release, U.S. Fire and Broussard reserved all rights they may have had against each other. Broussard appealed the trial court’s judgment granting U.S. Fire’s intervention, and this court affirmed the trial court in that regard. Broussard v. Lewis, 614 So.2d 258 (La.App. 3 Cir.), writs denied, 616 So.2d 699 (La.1993).
The claim for workers’ compensation benefits was tried by a hearing officer of the Office of Workers’ Compensation Administration on July 18, 1991, and February 24, 1992.[1] On October 8, 1992, the hearing officer rendered judgment in favor of Broussard and ordered U.S. Fire to pay $11,272.80 in supplemental earnings benefits Is(SEBs); $628.00 in penalties; $500.00 in attorney fees; $452.00 per month in SEBs from March 1990 until further orders of the Office of Workers’ Compensation Administration; and a twelve percent penalty on all SEBs due and remaining unpaid. According to the judgment, the $11,272.80 payment was for the period from December 1988 through February 1990.[2] The judgment made no mention of the credit given to U.S. Fire in the civil proceedings, and U.S. Fire made no payments under, this judgment.
On December 29, 1994, Broussard filed a claim for penalties and attorney fees with the Office of Workers’ Compensation Administration. In that claim, which is the basis for this appeal, Broussard contended that he was entitled to penalties and attorney fees for the alleged failure of U.S. Fire to make payments on the October 1992 judgment within thirty days of its rendition. Broussard also filed a peremptory exception of prescription, in which he argued that U.S. Fire’s right to claim a setoff pursuant to the civil trial judgment had prescribed. On June 27, 1995, judgment was rendered, denying the excep *496 tion of prescription and ordering the parties to submit, within forty-five days, an amount each party believed was due Broussard under the October 1992 judgment. Broussard appealed this judgment. We dismissed this appeal, holding that the judgment was interlocutory and therefore not appealable, and remanded the ease to the Office of Workers’ Compensation Administration. Broussard v. U.S. Fire Ins. Co., 95-1137 (La.App. 3 Cir. 10/25/95), 664 So.2d 496.
Subsequently, both parties responded to the June 27, 1995 judgment and submitted computations of the amounts believed due under the October 1992 judgment. On May 6, 1996, the hearing officer rendered judgment in favor of U.S. |4Fire, finding that no SEBs were due under the October 1992 judgment. In doing so, the hearing officer concluded that the credit granted in the civil litigation had not been exhausted. However, the hearing officer did find that the attorney fees and penalties assessed in the October 1992 judgment were due as well as interest but did not award penalties and attorney fees for the failure to pay those penalties and attorney fees.
OPINION
Broussard contends that because the October 1992 judgment did not recognize the credit given U.S. Fire in the civil proceedings and because U.S. Fire did not request such a credit, U.S. Fire was obligated to pay the compensation awarded, within thirty days of that judgment becoming final. We disagree.
The hearing officer had no authority to issue a credit. Rather, La.R.S. 23:1101(D)(1) provides:
Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
The trial court granted a credit up to the amount of the lost income award. Broussard claimed that the total amount due under the October 1992 workers’ compensation judgment was $63,752.98, which is far short of the credit awarded to U.S. Fire. Thus, the credit has not been exhausted.
At the time of the injury, La.R.S. 23:1201(F), now La.R.S. 23:1201(G), provided: [3]
If any compensation payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over | gwhich the employer has no control.
Under this provision, the compensation must be “payable.” The SEBs were not “payable” due to the credit granted to U.S. Fire under the intervention. To require payment of SEBs when the credit has not been exhausted, would be to allow the October 1991 trial court judgment to be contravened.
Additionally, at the time of the injury, La.R.S. 23:1201.2 provided for attorney fees for the failure to pay the amount of any claim due under the Workers’ Compensation Law when the failure was found to be arbitrary, capricious, or without probable cause. As set forth above, the amount claimed by Brous-sard was not “due” because of the credit. Thus, the hearing officer did not err in denying penalties and attorney fees for the failure to pay the October 1992 workers’ compensation judgnent in regard to SEBs.
However, we also must determine whether penalties and attorney fees are due for U.S. Fire’s failure to pay the penalties and attorney fees owed under the October 1992 workers’ compensation judgment. At the time of the injury, La.R.S. 23:1201(F) provided for penalties for the failure to pay “compensation.” La.R.S. 23:1201(F) was amended by Acts 1992, No. 1003, § 1, effective January 1, 1993, to provide for penalties for the failure to pay “compensation or medical benefits.” *497 La.R.S. 23:1201(F) was redesignated as Subsection (G) by Acts 1995, No. 1137, § 1, effective June 29, 1995, and now provides for penalties for the failure to pay any “award.” The language change in the statute is obvious. Arguably, the most recent version of the statute could allow for the imposition of penalties for the failure to pay penalties and attorney fees under a prior judgment.
In Mitchell v. Dixie Roofing & Sheet Mtal Co., Inc., 95-288 (La.App. 3 Cir. 10/4/95), 663 So.2d 222, the employer refused to pay all outstanding medical bills, and the trial court awarded a twelve percent penalty under La.R.S. 23:1201(E). At the time | (¡of the employee’s injury, that statute provided for a penalty only on an unpaid installment of “compensation.” Following the employee’s injury, the statute was amended to provide for a penalty on any unpaid “medical benefits.” We found error in an award of twelve percent penalties on the unpaid medical expenses on the basis that the amendment was not retroactive, that the statute must be strictly construed, and that prior third circuit jurisprudence had interpreted a prior version of the statute as not providing for the imposition of penalties for the failure to pay medical expenses.
We find the reasoning in Mitchell applicable to the instant case. Since La.R.S. 23:1201(F) is a penal statute, it must be strictly construed. Hayes v. Louisiana Risk Management, 93-1144 (La.App. 3 Cir. 4/6/94), 635 So.2d 591, writ denied, 94-1020 (La.6/17/94), 638 So.2d 1097. We do not find that a strict construction of the term “compensation” encompasses penalties and attorney fees. Thus, we find no error in the trial court’s failure to award penalties for the failure to pay penalties and attorney fees under the prior judgment.
However, we do find that Broussard is entitled to attorney fees for U.S. Fire’s failure to pay that portion of the prior judgment assessing penalties and attorney fees. As set forth above, at the time of the injury, La.R.S. 23:1201.2 provided for attorney fees for the failure to pay the amount of any “claim” due under the Workers’ Compensation Law when the failure was found to be arbitrary, capricious, or without probable cause. The record before us does not reveal any reason for the failure to pay the penalties and attorney fees under the October 1992 judgment. The judgment on the intervention clearly granted a credit for workers’ compensation benefits and made no mention of a credit for penalties and attorney fees. Without more, U.S. Fire was arbitrary, capricious, and without probable cause in failing to pay the penalties and attorney fees under the October 1992 workers’ compensation judgment. Thus, the hearing officer erred in failing to award attorney fees in this regal'd. We award ^attorney fees of $5,000.00.
DISPOSITION
For the foregoing reasons, we reverse the hearing officer’s failure to award attorney fees, and we award attorney fees of $5,000.00. We affirm the hearing officer’s judgment in all other respects. We assess costs of this appeal to U.S. Fire Insurance Company.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. The record on appeal does not contain all of the workers' compensation proceedings prior to December 29, 1994, and the record is unclear as to the actual date or dates of trial. The October 8, 1992 judgment referred to a trial date of July 18, 1991, but the record also contains what appears to be a partial transcript of a hearing held on February 24, 1992, which contains the hearing officer’s oral reasons for judgment.

. This judgment also seems to be in conflict with the hearing officer's reasons for judgment issued on February 24, 1992. In those oral reasons, the hearing officer concluded that Broussard had not established his right to receive SEBs subsequent to October 29, 1988. However, the parties to this appeal do not contest the correctness of the October 8, 1992 judgment.

. The governing law in a workers’ compensation action is the law that was in effect at the time of the alleged injury. Bruno v. Harbert Int’l Inc., 593 So.2d 357 (La.1992).