712 So.2d 590 (1998)
Andrew Scott ANTRAINER
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY.
No. 97 CA 1554.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
Rehearing Denied June 2, 1998.
*591 Wilton E. Bland, III, New Orleans, for Plaintiff-Appellant Andrew S. Antrainer.
J. Patten Brown, III and Michael J. Remondet, Jr., Lafayette, for Intervenor-Appellant American Medical Security, Inc.
Nathan L. Schrantz, Renee L. Melchiode and Hoffman Sutterfield, New Orleans, for Defendant-Appellee Great Atlantic & Pacific Tea Company.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
Plaintiff, Andrew S. Antrainer, was employed part-time as a stock clerk for the defendant, Great Atlantic & Pacific Tea Company (A & P). On March 23, 1995, while in the restroom at work, plaintiff sustained severe cuts to the fingers on his right hand when the lavatory came loose from the wall. Subsequently, plaintiff underwent three surgical procedures as a result of these injuries. At the time of the accident, plaintiff was sixteen years old.
There were no witnesses to this accident. According to plaintiff, he was washing his hands when the lavatory came loose and began to fall. Plaintiff then grabbed the lavatory to catch it and injured his fingers. Plaintiff's friend and co-worker, Ryan Ackerman, was in one of the stalls but did not see what had happened. Before this incident occurred, plaintiff and Mr. Ackerman had been seen near the rear of the store smoking an unknown substance from a faucet they had found. Although an employee of the store alleged that it smelled like "pot," tests performed on the faucet revealed no evidence of marijuana. According to plaintiff and Mr. Ackerman, they had broken up a cigarette and put the tobacco in the faucet to smoke.
*592 Kevin Miles, an expert plumber, repaired the lavatory for A & P the morning after this incident occurred. Mr. Miles informed A & P and its insurer that it was his opinion that the lavatory was pulled off the wall. Based upon Mr. Miles' opinion, A & P denied benefits to plaintiff.

PROCEDURAL HISTORY
On March 20, 1996, plaintiff filed a disputed claim for compensation against A & P. Thereafter, A & P filed an answer, generally denying the allegations contained in the claim. A & P also asserted the affirmative defense of "willful intent to injure himself or others."
American Medical Security, Inc. (AMS) intervened in the worker's compensation claim. AMS alleged that it had a right to recover all medical benefits it had paid on behalf of plaintiff as his health insurer.[1]
A hearing was held in this matter. On March 24, 1997, the workers' compensation judge rendered judgment, ordering A & P to pay plaintiff weekly workers' compensation benefits of $86.00 for twelve weeks (from the date of the accident until June 22, 1995). He further ordered that AMS' claim be dismissed. Additionally, the workers' compensation judge found that A & P was not arbitrary or capricious in their handling of this claim.
On April 21, 1997, plaintiff filed a motion to amend the judgment. In support of his motion, plaintiff contended that the judgment rendered on March 24, 1997, did not comport with the written reasons for judgment issued by the workers' compensation judge, which ordered the reimbursement of $2,753.56 paid in cash by plaintiff's father for medical expenses. On April 25, 1997, the workers' compensation judge rendered an amended judgment which included the reimbursement of $2,753.56 paid in cash by plaintiff's father.[2]
AMS has appealed from this judgment, complaining that the workers' compensation judge erred in holding that its claim was extinguished by La. R.S. 23:1212. Plaintiff has also appealed, alleging that it was error to hold that A & P was not arbitrary and capricious in denying to pay benefits and medical payments.

REIMBURSEMENT OF MEDICAL EXPENSES
In alleging that the workers' compensation judge erred in holding that its claim was extinguished by La. R.S. 23:1212, AMS makes several arguments.
First, AMS contends that it possesses a claim for repayment of all medical expenses paid by plaintiff's father, Mr. Antrainer, for the injuries sustained by plaintiff while he was employed by A & P. Specifically, AMS submits that, by virtue of its subrogation rights set forth in the health insurance policy of Mr. Antrainer, it is asserting Mr. Antrainer's rights under La. R.S. 23:1212 which provides as follows:
Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse *593 actually pay premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.
AMS argues that, through Mr. Antrainer, it has made a "direct payment" of medical expenses that are owed under the workers' compensation laws. Since Mr. Antrainer is a "relative" under La. R.S. 23:1212, AMS can recover all of the medical benefits which it has paid just as if Mr. Antrainer had paid all of these expenses.
The argument of AMS is illogical and without merit. Initially, we note that La. R.S. 23:1212 provides the employer or its insurer with a medical expense offset, and does not provide a right of reimbursement to a health insurer. See LeBlanc v. Cajun Painting Inc., 94-1609 p. 8 (La.App. 1st Cir. 4/7/95); 654 So.2d 800, 808, writs denied, 95-1706 (10/27/95); 661 So.2d 1349; 95-1655 (10/27/95); 661 So.2d 1350; Gentile v. Baton Rouge General Medical Center, 95-0348 p. 8 (La.App. 1st Cir. 11/9/95): 665 So.2d 422, 430; Rosella v. Dede's Wholesale Florist, 607 So.2d 1055, 1059 (La.App. 3rd Cir.1992).
Additionally, the right to recover workers compensation benefits is personal to the injured worker. Bradley v. Arnold Lege Alligator Farm, 625 So.2d 591, 597 (La.App. 3rd Cir.1993). Mr. Antrainer has no right of action for what he paid on behalf of his son. Under La. R.S. 23:1212, the plaintiff may recover all medical expenses paid by his father, but he may not recover medical expenses paid by AMS. See Bradley v. Arnold Lege Alligator Farm, 625 So.2d at 598.
AMS also argues that it has a right to recover fifty percent (50%) of the medical expenses from A & P by subrogating to the rights of Mr. Antrainer, who paid fifty percent (50%) of the premiums for the health insurance policy. However, La. R.S. 23:1212 provides that, if either the employee or the employee's spouse actually pay premiums for health insurance, either as direct payments or as itemized deductions from their salaries, the medical expense offset applies only in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums. In this case, Mr. Antrainer is neither the employee nor the spouse of the employee. This argument is without merit.
AMS also argues for the retroactive application of La. R.S. 23:1205(B), enacted by Acts 1995, No. 449.[3] This legislation took effect August 15, 1995, after plaintiff's injury. In Principal Mutual Life Insurance Company v. Progressive United Corporation, 28,378 (La.App. 2nd Cir. 5/8/96); 674 So.2d 1073, writ denied, 96-1474 (La.9/20/96); 679 So.2d 436, the court declined to apply La. R.S. 23:1205(B) retroactively. The Second Circuit agreed with the conclusion of the workers' compensation hearing officer that the law in effect at the time of a work injury generally governs workers' compensation claims. Additionally, the Second Circuit noted that La. R.S. 23:1205(B) appeared to make substantive, and not merely procedural or interpretative, changes to the workers' compensation law. The Second Circuit then concluded that La. R.S. 23:1212, which was in effect at the time of the injury, controlled the action. Principal Mutual Life Insurance Company v. Progressive United Corporation, 674 So.2d at 1076-77.
We agree with the reasoning of the court in Principal Mutual Life Insurance Company v. Progressive United Corporation and decline to apply La. R.S. 23:1205(B) retroactively. This argument is without merit.

*594 PENALTIES AND ATTORNEY'S FEES
Plaintiff contends that the workers' compensation judge erred in holding that A & P was not arbitrary and capricious in its denial of benefits and medical expenses.
If the decision not to pay compensation timely is arbitrary or capricious, or without probable cause, the employer or insurer is subject to penalties and attorney's fees. La. R.S. 23:1201 E and F; La. R.S. 23:1201.2. The statutes providing for penalties and attorney's fees, which are penal in nature, must be strictly construed. Hayes v. Louisiana Risk Management, 93-1144 p. 2 (La.App. 3rd Cir. 4/6/94); 635 So.2d 591, 592, writ denied, 94-1020 (La.6/17/94); 638 So.2d 1097. An assessment of penalties and attorney's fees is proper, unless the employee's rights to benefits are reasonably controverted. Schmitt v. City of New Orleans, 632 So.2d 367, 374 (La.App. 4th Cir.1993). The test to determine whether the employee's right to benefits was reasonably controverted is set forth in Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990), citing Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363, 367 (La. App. 3rd Cir.1985), as follows:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. This test requires a close analysis of each workers' compensation case.
Whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La. App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
After a thorough review of the record, we cannot say that the workers' compensation judge was manifestly erroneous or clearly wrong in denying plaintiff penalties and attorney's fees. This contention is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed to intervenor-appellant, American Medical Security, Inc.
AFFIRMED.
NOTES
[1] AMS is the medical insurer of plaintiff's father at the father's place of employment. The record reflects that AMS paid $23,495.44 in medical expenses.
[2] The record indicates to this court that the second judgment rendered by the court clearly constituted a substantive alteration of the original judgment in contravention of La. C.C.P. art. 1951. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). La. C.C.P. art. 1951 provides that a final judgment may be amended by the trial court at any time by its own motion or pursuant to the motion of any party, to alter the phraseology, but not the substance, of a judgment, or to correct errors in calculation. Preston Oil Company v. Transcontinental Gas Pipe Line Corporation, 594 So.2d 908, 911 (La.App. 1st Cir.1991). The proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal. Villaume, 363 So.2d at 451. However, it has been recognized that, on its own motion and with consent of the parties, a trial court may amend a judgment substantively, thereby creating a new, final judgment. See Preston Oil Company, 594 So.2d at 912; Villaume, 363 So.2d at 451. Neither party has complained about the amendment of the judgment on appeal.
[3] La. R.S. 23:1205B provides as follows:

B. Any company which contracts for health care benefits for an employee shall have a right of reimbursement against the entity responsible for the payment of workers' compensation benefits for such employee if the company paid health care benefits for which such entity is liable. The amount of reimbursement shall not exceed the amount of the entity's liability for the workers' compensation benefit. In the event the company seeks recovery for such in conjunction with a claim against any other party brought by the employee, the company may be charged with a proportionate share of the reasonable and necessary costs, including attorney fees, incurred by the employee in the advancement of his claim or suit.