|aDOWNING, J.
Cathy Dean Springer files this appeal as executor of the succession of Gregory Paul Dean. Ms. Springer asserts that the Office of Workers’ Compensation administrative law judge (ALJ) failed to fully assess legally mandated penalties against K-Mart Corporation (K-Mart)[2] resulting from its *951 failure to timely pay a judgment. She also seeks additional attorney fees for time spent in preparing this appeal. For reasons that follow we modify the judgment of the Office of Workers’ Compensation, and as modified, we affirm. We deny Ms. Springer’s claim for additional attorney fees.
FACTS AND PROCEDURAL BACKGROUND
On September 20, 1994, nine days before Gregory Dean died, he obtained a judgment against K-Mart for certain worker’s compensation benefits and penalties including outstanding medical benefits, attorney fees, interest and costs. The ALJ found that K-Mart had been arbitrary and capricious for not having paid medical expenses.
K-Mart did not pay the sums due under this judgment, so Gregory Dean’s succession representative, Cathy Dean Springer, filed a motion on February 29, 2000 to enforce the prior judgment. On May 17, 2000 the ALJ entered judgment ordering K-Mart to 1) pay the outstanding medical expenses, with interest, 2) pay the previously awarded penalties, with interest, 3) pay an additional two thousand dollars ($2,000.00) as a penalty for not paying the previous award, 4) pay attorney fees with interest to Ms. Springer’s counsel and all costs, 5) all subject to contempt proceedings if the sums were not promptly paid.
|aMs. Springer now appeals alleging that the mandatory penalties the ALJ could have awarded under La. R.S. 23:1201G were six thousand dollars ($6,000), not two thousand dollars ($2,000.00) as awarded by the ALJ. She also asks for additional attorney fees in connection with time spent pursuing this appeal.
DISCUSSION
In her motion to enforce the 1994 judgment, Ms. Springer sought two three thousand dollar ($3,000.00) penalties against K-Mart: one for late payment of compensation due to Gregory Dean and one for late payment of the penalty award. While separate penalties for these violations may be recoverable under current law,[3] they were not recoverable under the terms of La. R.S. 23:1201G in effect at the time of the 1994 judgment.
In 1994, La. R.S. 23-.1201F, now redesig-nated La. R.S. 23:1201G, provides as follows:
F. If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days, it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, *952 such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer has no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker’s compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. (Emphasis added.)
|4The applicable terms of La. R.S. 23:1201, therefore, provided penalties for failure to pay compensation or medical benefits. A penalty award is neither compensation nor medical benefits.
The Third Circuit considered a similar controversy in Broussard v. U.S. Fire Ins. Co., 96-668 (La.App. 3 Cir. 12/11/96), 685 So.2d 494, where it observed that La. R.S. 23:1201F, now La. R.S. 23:1201G, was amended by Acts 1995, No. 1137, § 1, effective June 29,1995, and now provides for penalties for the failure to pay any “award.” Broussard, 96-668, p. 5, 685 So.2d at 497. The Court continued: “The language change in the statute is obvious. Arguably, the most recent version of the statute could allow for the imposition of penalties for the failure to pay penalties and attorney fees under a prior judgment.”
The Broussard court then noted that La. R.S. 23:1201 is a penal statute that must be strictly construed. Broussard, 96-668, p. 6, 685 So.2d at 497. The court then concluded: “We do not find that a strict construction of the term ‘compensation’ encompasses penalties and attorney fees. Thus, we find no error in the trial court’s failure to award penalties for the failure to pay penalties and attorney fees under the prior judgment.” Id.
Similarly, we find that a strict construction of the term “compensation or medical benefits” cannot encompass penalties and attorney fees. Therefore, Ms. Springer is entitled to a penalty award only for K-Mart’s failure to pay compensation benefits, and not for its failure to pay previously ordered penalties.
K-Mart concedes that the ALJ failed to impose the appropriate penalty and that under the terms of La. R.S. 23:1201F, now La. R.S. 23:1201G, the proper mandatory penalty should be three thousand dollars ($3,000.00). Accordingly, we vacate the award of two thousand dollars ($2,000.00) as [spenalty for not paying previously ordered penalties and medical benefits and amend the judgment to reflect an award of three thousand dollars ($3,000.00) as penalty for not paying previously ordered medical benefits.
We note that Ms. Springer has cited an unpublished First Circuit case in her arguments. This practice is in violation of the Uniform Rules — Courts of Appeal No. 2-16.3. We do not consider that case here. We observe, however, that for any case to have persuasive authority on any issue, the issue must be addressed by the deciding court.
Ms. Springer asks for additional attorney fees for the time involved in bringing this appeal. She does not prevail on her main argument and K-Mart has conceded the proper penalty. However, Ms. Springer did have to file the appeal to succeed in increasing her award to the proper statutory amount. Accordingly, we conclude that an award of additional attorney fees in the amount of five hundred dollars ($500.00) is appropriate. Therefore, we award additional attorney fees to Ms. Springer in the amount of five hundred dollars ($500.00) for the prosecution of this appeal.
*953 CONCLUSION
We vacate the award of two thousand dollars ($2,000.00) as penalty for not paying previously ordered penalties and medical benefits and amend the judgment to reflect an award of three thousand dollars ($3,000.00) as penalty for not paying previously ordered medical benefits. We award additional attorney fees to Ms. Springer in the amount of five hundred dollars ($500.00) for the prosecution of this appeal. In all other respects, the judgment of the Office of Workers’ Compensation is affirmed. Each party is to bear her or its own costs.
AMENDED, AND AS AMENDED, AFFIRMED.

. While the pleadings and other documents refer to "K-Mart Corporation,” K-Mart issued corporate checks as "Kmart Corporation.”

. The current version of La. R.S. 23:1201G, effective June 29, 1995, provides as follows:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. (Emphasis added.)