STEWART, J.
 

 | , Defendants/Appellants, Cellxion, Inc. and the Gray Insurance Company (referred to jointly as “Cellxion”), are appealing a judgment rendered in favor of Plain-tifl/Appellee, Kendall Blake Gasway. Gasway has filed an answer requesting additional attorney’s fees for this appeal. For the reasons set forth below, we affirm the lower court’s judgment as amended and award an additional attorney’s fee.
 

 FACTS
 

 On April 24, 2004, Gasway was injured while working for Cellxion as a mechanical technician. On July 23, 2004, Dr. Marco Ramos, who is Gaswa/s employee’s physician of choice, performed lumbar disc surgery on him.
 

 A Functional Capacity Evaluation (“FCE”) was performed on December 28, 2005, which revealed that Gasway could work at medium duty. Dr. Ramos agreed with these findings.
 

 Cellxion hired Alice Rogers Bond, a vocational rehabilitation counselor, to identify suitable jobs for Gasway. In January of 2006, Ms. Bond identified three suitable jobs: (1) Caddo Parish Code Enforcement Inspector, (2) Allied Waste Customer Service Representative, and an (3) Alexandria X-Ray position. She also met with Dr. Ramos at a rehabilitation conference on March 21, 2006, where he approved four suitable jobs for Gasway: (1) Shreveport Housing Inspector, (2) Shreveport Warehouse Supervisor, (3) Manpower Shipping and Receiving Manager, and (4) Time Warner Dispatcher. Neither Gasway nor his counsel attended the 12conierence. Ms. Bond mailed Gasway a notice for these jobs, which he received via certified mail on March 24, 2006.
 

 In April of 2006, Bond identified an additional suitable job as a City of Shreveport Code Enforcement Inspector. Gas-way interviewed for the Shreveport Code Enforcement position. Unfortunately, Gasway never received a response from the City of Shreveport.
 

 In May of 2006, Ms. Bond identified a suitable job at Adesa Auto Auction. When Ms. Bond informed Gasway of the job at Adesa, he expressed concern because of his personal relationships with some of its employees. Ms. Bond testified that she was unsure of whether Gasway applied for that position.
 

 On April 9, 2007, another rehabilitation conference was held. At this conference, Dr. Ramos restricted Gasway from working pending the results of an MRI. On May 3, 2007, Dr. Ramos reviewed the MRI results and noted that the MRI showed some improvement with the scar tissue. He did not comment on Gasway’s work status.
 

 Dr. Ramos and Dr. Carl Goodman, who is the doctor selected by Cellxion to provide the second medical opinion, recommended pain management for Gasway. Based on these recommendations, Gasway submitted a request for pain management to the insurance adjuster in February of 2008. At the time of trial in August of
 
 *570
 
 2008, the adjuster still had not approved pain management.
 

 Prior to May 23, 2006, wage benefits were paid to Gasway at the rate of $375.84, based on an average weekly wage of $563.75. The insurance ^adjuster reduced the benefits based upon certain jobs identified by Bond. Accordingly, wage benefits were reduced and paid at the rate of $342.80 per month, from May 23, 2006 to date. Cellxion asserted that there was an overpayment of supplemental earnings benefits from February 14, 2006 to May 23, 2006, for which it is entitled to a reduction and/or credit against any benefits that might be owed.
 

 Gasway subsequently filed a Disputed Claim Form 1008, asserting that the reduction in benefits was improper. He sought to recover additional supplemental earnings benefits as a result of a miscalculation or underpayment of indemnity benefits from May 23, 2006 to date, temporary total disability benefits from April 9, 2007 through May 3, 2007, attorney’s fees, and court costs. He also asserted that he was entitled to penalties for the underpayment, for the failure to pay TTD during April, and for the failure to approve the therapy without a second opinion.
 

 The worker’s compensation judge (WCJ) found that Gasway’s Average Weekly Wage (AWW) was $563.76 with a corresponding monthly wage of $2,442.92. He also found that Gasway could not return to his pre-accident job because of his injuries and that the job at Adesa Auto Auction was the only suitable job for the purpose of reducing benefits. The WCJ determined that Cellxion failed to properly determine the Supplemental Earnings Benefits (SEB) rate and declared the SEB to be $704.17 per month based on the Adesa Auto Auction job which pays $8.00 per hour. Therefore, the monthly SEB should be $704.17, a difference of $361.37 per month from the $342.80 actually paid. Gasway was entitled to the ^underpayment of $361.37 per month since May 23, 2006, and legal interest on this amount from the date of judicial demand.
 

 Gasway was also awarded medical treatment in the form of pain management. Dr. Ramos, who is Gasway’s treating physician, restricted him from work pending the outcome of an MRI. The WCJ determined that Gasway was entitled to temporary total disability (TTD) benefits in the amount of $900.06 for April and May 2007.
 

 After finding that Cellxion was arbitrary, capricious, and unreasonable in its underpayment of benefits, its refusal to approve pain management, and its failure to pay TTD benefits, the WCJ awarded Gasway $8,000.00 in penalties. The WCJ also awarded Gasway $12,500.00 in attorney’s fees and $544.75 in court costs. Cellxion filed the instant appeal, urging six assignments of error.
 

 LAW AND DISCUSSION
 

 Supplemental Earnings Beneftts (SEB)
 

 In the first assignment of error, Cellxion contends that Gasway was not entitled to additional SEB benefits because it proved that Gasway was able to earn at least 90% of his pre-accident wages. In the second assignment, Cellxion argues that it is entitled to an award for the overpayment of SEB benefits from February 14, 2006 to date. These assignments are discussed together due to their similarity.
 

 Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of appellate review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.7/1/97), 696 So.2d 551. In applying the manifest error-clearly wrong standard,
 
 *571
 
 the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 Id.
 
 Where there are two permissible views of evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Sistler v. Liberty Mutual Ins. Co.,
 
 558 So.2d 1106 (La.1990).
 

 The purpose of SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident.
 
 Banks, supra.
 
 Under the provisions of La. R.S. 23:1221(3)(a), an employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn 90 percent or more of her average pre-injury wage. La. R.S. 23:1221(3)(a);
 
 Frye v. Olan Mills,
 
 44,192 (La.App. 2 Cir. 4/8/09), 7 So.3d 201;
 
 Smith v. Bossier Parish School Board,
 
 39,590 (La.App. 2 Cir. 4/6/05), 899 So.2d 747,
 
 unit denied,
 
 2005-1199 (La.11/28/05), 916 So.2d 147. Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case.
 
 Id.
 
 Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the employee’s claim for SEBs or establish the employee’s earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the |fiemployee or that the job was available to the employee in his community or reasonable geographic region.
 
 Lee v. Heritage Manor of Bossier City,
 
 41,858 (La.App. 2 Cir. 3/14/07), 954 So.2d 276;
 
 Banks, supra; Daigle v. Sherwin-Williams Co.,
 
 545 So.2d 1005 (La.1989). Actual job placement is not required.
 
 Banks, supra.
 

 The method of determining the amount of an award of SEBs is provided in La. R.S. 23:1221(3)(a):
 

 For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at the time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of the injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his wages by fifty-two and then dividing the quotient by twelve.
 

 As stated above, the WCJ found that Gasway established his inability to earn 90% of his pre-accident wages. Even though the WCJ determined that Cellxion proved that Gasway could perform the duties required for the Adesa Auto Auction job, he found that the other jobs submitted failed to meet the criteria required by
 
 Banks, supra.
 

 Gasway testified that has trouble sitting or standing for long periods of time. He also stated that he suffers from “sharp pains, jerks, and jolts to his nervous sys
 
 *572
 
 tem.” He also feels radiating pain pi'imar-ily in his right leg and occasionally in his left leg. Gaswa/s testimony is supported by |7medical records. We agree with the WCJ’s finding that Gasway was credible. Gasway clearly established his inability to earn 90% of his pre-accident wages.
 

 The Caddo Parish Code Enforcement Inspector position required a bachelor’s degree in construction technology and/or a minimum of five years of experience directly related to construction inspection. The record does not indicate that he met either of those requirements. Mr. Gas-way’s educational background includes a high school diploma and approximately two years of college. His resumé failed to indicate the requisite five years of experience directly related to construction inspection.
 

 The position at Alexandria X-Ray had already been filled, and a representative at Allied Waste informed Ms. Bond that although the company had not filled the position yet, she felt that Gasway was overqualified for the position. However, she indicated that she would consider hiring him.
 

 The Shreveport Housing Inspector position, the Shreveport Warehouse Supervisor position, and the Time Warner Dispatcher position, which were all approved by Dr. Ramos at the rehabilitation conference on March 21, 2006, were not available. Gasway received written notice for these jobs via certified mail on March 24, 2006, which is the same day that the hiring period for these jobs closed. Bond submitted Gaswa/s resumé to the final job approved at the March 21, 2006 rehabilitation conference, which was the Manpower Shipping and Receiving Manager, but she never received any communication from the company.
 

 | ¡¡When Gasway applied for the fifth suitable job as a City of Shreveport Code Enforcement Inspector, he never received a response from the City of Shreveport. In May of 2006, Ms. Bond identified a suitable job at Adesa Auto Auction. Even though Gasway expressed concern about this job because of his personal relationships with some of its employees, that does not deem the job unsuitable. Therefore, Cellxion adequately proved this job availability.
 

 It was Cellxion’s burden to show that the proposed jobs were available. The record shows that when Gasway was made aware of the proposed jobs, either the application time had expired, the application time was to expire that day, or Gas-way was not qualified for the position. The only proposed job that was available and suitable was the Adesa Auto Auction job.
 

 Based on the evidence presented, we conclude that the WCJ did not err in finding that the correct SEB rate for Gas-way was $704.14, which was based on the Adesa Auto Auction job. Gasway is entitled to the underpayment of $361.37 per month since May 23, 2006, and legal interest on this amount from the date of judicial demand.
 

 Cellxion was unable to prove that Gas-way was able to earn at least 90% of his pre-accident wages. Therefore, Cellxion is not entitled to an award for the overpayment of SEB benefits from February 14, 2006 to date. The award of additional SEB benefits is affirmed.
 

 Temporary Total Disability (TTD) Benefits
 

 Cellxion asserts in the third assignment that Gasway was erroneously awarded TTD benefits in the amount of $900.06
 
 *573
 
 from April 9, 2007 to May 133, 2007 because he did not adequately establish his entitlement to those benefits by clear and convincing evidence. Cellxion contends that it showed that Gasway had wage-earning capacity.
 

 A claimant is entitled to TTD benefits if he proves by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of its nature, including employment while working in pain. La. R.S. 23:1221(1);
 
 Read v. Pel-State Oil Company,
 
 44,218 (La.App. 2 Cir. 5/20/09), 13 So.3d 1191;
 
 Morrison v. First Baptist Church of West Monroe,
 
 44,189 (La.App. 2 Cir. 4/8/09), 7 So.3d 873. A claimant who can perform light duty work is not entitled to TTD benefits.
 
 Holden v. International Paper Co.,
 
 31,104 (La.App.2d Cir.10/28/98), 720 So.2d 442,
 
 writ denied,
 
 98-2956 (La.1/29/99), 736 So.2d 834.
 

 To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, i.e., much more probable than its nonexistence.
 
 Id.
 
 A claimant may prove disability through medical and lay testimony.
 
 Read,, supra.
 

 At the April 9, 2007, rehabilitation conference, Dr. Ramos restricted Gasway from working pending the results of an MRI. On May 3, 2007, Dr. Ramos reviewed the MRI results and noted that the MRI showed some improvement with the scar tissue. He did not comment on Gas-way’s work status.
 

 Dr. Ramos restricted Gasway from work between April 9, 2007 and May 3, 2007, which was the date on which Dr. Ramos reviewed the MRI |10results. Gasway was not to work in any capacity. The record does not include any medical opinion to the contrary.
 

 We agree with the WCJ’s determination that Gasway was entitled to TTD benefits in the amount of $900.06. Gasway should have been paid $375.84/week in TTD or $53.69/day, which comes to $1,127.49 over the 21 days. He was actually paid SEB of $324.80/month or $10.83/day, a credit of $227.43 over the 21-day period. The WCJ rightly awarded him the difference in the amount $900.06. The assignment of error is meritless.
 

 Attorney’s Fee Award/Penalties
 

 In the fourth assignment of error, Cellxion alleges that Gasway was not entitled to an award of attorney’s fees and penalties because it provided vocational rehabilitation services, it conducted a reasonable investigation, and it reasonably controverted this claim that resulted in their reduction of the SEBs. It further asserts that Gasway’s counsel has failed to set forth a sufficient basis to allow such an award, given the narrow scope of the issues raised herein and the challenges to Gasway’s wage-earning capacity through legitimate vocational rehabilitation services.
 

 Penalties and attorney’s fees may be awarded for failure to provide payment of indemnity or medical benefits. La. R.S. 23:1201(F);
 
 Moore v. Transmissions, Inc.,
 
 41,472 (La.App. 2 Cir. 9/27/06), 940 So.2d 694. It is a well-established jurisprudential principle that the determination of whether an employer is to be assessed attorney’s fees and penalties is a question of fact and the WCJ’s findings shall not be disturbed absent | nmanifest error.
 
 Alford, v. Acadian Ambulance Service,
 
 96-639 (La.App. 3 Cir. 11/6/96), 682 So.2d 942.
 

 
 *574
 
 After finding the Celbdon was arbitrarious, capricious, and unreasonable in its underpayment of benefits, in its failure to approve pain management, and in its failure to pay TTD benefits, the WCJ found that Gasway was entitled to penalties in the amount of $4,000.00.
 

 Cellxion erroneously based Gasway’s reduction of SEB benefits on jobs that either had an expired application time or that he was not qualified for. Cellxion failed to pay Gasway TTD benefits even though Dr. Ramos clearly restricted him from working in any capacity pending the results of an MRI. Cellxion even refused to approve pain management for Gasway even though two doctors recommended it. We agree with the WCJ in determining that Cellxion was indeed arbitrary and capricious in its behavior. Gasway is entitled to penalties in the amount of $4,000.00.
 

 Gasway asserts that his counsel spent at least 74 hours preparing for trial. Considering the number of depositions taken and the discovery necessary to prepare this matter for trial, we cannot say that the WCJ erred in awarding Gasway $12,500.00 in attorney’s fees. This assignment of error is meritless.
 

 Vocational Rehabilitation Records
 

 In the fifth assignment, Cellxion asserts that Gasway is not entitled to recover costs for vocational rehabilitation records erroneously termed “medical records” and for deposition records, when the witnesses testified live at trial and the depositions were not introduced into evidence.
 

 | |2WC.J erroneously awarded Gasway $574.75 in cost and expenses because said amount included items which are not recoverable under Louisiana law pursuant to La. C.C.P. art. 1920. La. C.C.P. art. 1920 reads:
 

 Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
 

 Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
 

 Gasway’s counsel submitted the following list of costs, with an attached affidavit, and copies of check stubs:
 

 Filling fee $ 30.00
 

 Copy of vocational rehabilitation records $
 
 75.00
 

 Deposition of Alice Bond $267.75
 

 Deposition of Brenda Guillot $172.00
 

 $544.75
 

 Due to a mathematical error, the WCJ erroneously awarded Gasway $574.75 in cost and expenses when the costs actually totaled $544.75. Additionally, during oral argument at this court, Gasway’s counsel conceded that the depositions of Alice Bond and Brenda Guillot were not submitted into evidence. Jurisprudence has established that copies of documents that are used privately by a party are not taxable as costs of the suit.
 
 Beattie v. Dimitry,
 
 168 La. 81, 121 So. 581 (La.1929). Therefore, the costs of the two depositions, amounting to $439.75, must be reduced from Gasway’s award.
 

 | isCellxion objects to the copies of vocational rehabilitation being recovered and misidentified as “medical records” because vocational rehabilitation services are not medical services and do not constitute medical records. The WCJ was not manifestly erroneous in determining that the vocational rehabilitation services constituted medical services.
 

 Based on these findings, we order that the $574.75 awarded in costs and expenses be reduced to $105.00.
 

 
 *575
 

 Reduction in Benefits
 

 In the sixth and final assignment of error, Cellxion asserts that it is entitled to a 50% reduction of any benefits awarded because Gasway failed to cooperate with vocational rehabilitation services.
 

 When an employee has suffered a work-related injury, he is entitled to prompt rehabilitation services. La. R.S. 23:1226(A). The employer is responsible for selecting a licensed professional vocational rehabilitation counselor to evaluate the claimant in job placement or vocational training. La. R.S. 23:1226(B)(3)(a). If the employer refuses to provide these services, the claimant may file a claim for review; such claim must be heard on an expedited basis, as provided by La. R.S. 23:1224(B). The claimant must also accept rehabilitation, as set forth in La. R.S. 23:1226(B)(3)(c).
 

 A plain reading of this provision shows that the 50% reduction hinges on the refusal to accept rehabilitation as deemed necessary by the WCJ.
 
 Freeman v. Chase,
 
 42,716 (La.App. 2 Cir. 12/5/07), 974 So.2d 25. An order of rehabilitation by the WCJ, perhaps by the expedited process of La. R.S. 23:1224(B), is obviously required.
 
 Id.
 

 114Jurisprudence requires an “order of rehabilitation” from a WCJ before benefits can be reduced. There is no such order in the instant record. Therefore, this assignment of error is meritless.
 

 Answer to Appeal
 

 In his answer to the appeal, Gas-way is requesting an award of additional attorney’s fees for defending the appeal. He asserts that undersigned counsel has spent approximately 15 hours on this appeal and requests $3,000.00 in attorney’s fees.
 

 A worker’s compensation claimant is entitled to an increase in additional attorney’s fees to reflect additional time incurred in defending the employer’s unsuccessful appeal.
 
 Frith v. Riverwood, Inc.,
 
 2004-1086 (La. 1/19/05), 892 So.2d 7. Taking into consideration the complexity of the case and the fact that the WCJ already awarded counsel a fee of $12,500.00 for its work at the trial level, we find an additional fee of $2,524.35 is warranted.
 

 CONCLUSION
 

 For these reasons, the judgment of the Office of Worker’s Compensation is affirmed as amended. Gasway’s award of $574.75 in costs and expenses is reduced to $105.00. The Judgment is further rendered in favor of Gasway for an additional attorney’s fee in the amount of $2,524.35.
 

 AFFIRMED AS AMENDED. ADDITIONAL ATTORNEY’S FEE AWARDED.