GASKINS, J.
 

 b The defendant, Manpower Temporary Services (Manpower), has appealed from a decision by a workers’ compensation judge (WCJ) finding that the plaintiff, Sherman Hodge, is entitled to past and future wage benefits and treatment by a pain management physician. For the following reasons, we affirm in part and reverse in part the judgment of the WCJ.
 

 FACTS
 

 Mr. Hodge is a 48-year-old manual laborer who obtained work through Manpower Temporary Services. In December 2007, he was assigned to work at a compa
 
 *1150
 
 ny that produced frames for Hummer vehicles. On May 30, 2008, Mr. Hodge was working on a frame when he fell, hit his hand on the frame, and broke the little finger on his right hand.
 

 On the day of the accident, the plaintiff was treated at Willis-Knighton Work Care and was diagnosed with a slightly displaced fracture of the fifth metacarpal. He was referred to Dr. Karl Bilderback for follow-up care. Mr. Hodge saw Dr. Bilderback on June 2, 2008. His hand was placed in a plastic splint and he was prescribed pain medication. At his next appointment with Dr. Bilderback, the plaintiff reported a pain level of 10 out of 10. The doctor found this to be an exaggeration based upon his evaluation. An MRI of the hand was ordered.
 

 On August 18, 2008, Dr. Bilderback saw Mr. Hodge and found normal range of motion with no ulnar pathology and no objective findings related to the plaintiffs continued complaints of pain. He was released to return to work without restriction. The doctor noted in his report that the plaintiff was very resistant to returning to work.
 

 |2Mr. Hodge requested a second medical opinion. Manpower referred him to Dr. Michelle Ritter. She ordered a functional capacity exam (FCE) which revealed that the plaintiff had an 8 percent impairment of his little finger and a 1 percent impairment of his right hand. Mr. Hodge returned to Dr. Ritter with complaints of continued severe pain in the hand. She determined that she could not give the plaintiff pain medication for a seven-month-old injury and referred the plaintiff to Dr. Kathleen Majors for pain management.
 

 Manpower refused to pay for the referral to Dr. Majors. An expedited hearing was held on May 18, 2009. The court approved a one-time visit with Dr. Majors. She diagnosed a possible complex regional pain syndrome Type I or reflex sympathetic dystrophy (RSD) to the right upper extremity. She suggested medication, physical and occupational therapy evaluations, and recommended a possible nerve block.
 

 After receiving the results of the FCE, Manpower advised the plaintiff that he was to return to work at the Hummer frame plant. He reported for work one day and underwent orientation. He then refused to return to work. The plaintiff filed a disputed claim for compensation on October 31, 2008, and an amended claim on June 29, 2009.
 

 On October 21, 2009, a hearing was held on the plaintiffs claims to continued indemnity and to medical treatment with Dr. Majors. Manpower personnel testified that they paid indemnity benefits to the plaintiff through October 8, 2008, but stopped the payments when the plaintiff was released |ato return to work. Manpower offered the plaintiff a job inspecting Hummer frames and later offered him a janitorial job.
 

 On December 8, 2009, the WCJ issued a judgment with written reasons. The disputed issues were the plaintiffs entitlement to indemnity and medical benefits and whether the defendant should be cast with penalties and attorney fees. The WCJ found that the plaintiff was entitled to pain management treatment with Dr. Majors and that the denial of treatment was not arbitrary or capricious. The WCJ ordered that Mr. Hodge was entitled to past due wages in the amount of $12,833.15 and ongoing benefits of $233.33 per week. The WCJ also found that the denial of wage benefits was not arbitrary or capricious. The plaintiffs claim for penalties and attorney fees was denied.
 

 
 *1151
 
 Manpower appealed suspensively, arguing that the WCJ erred in awarding Mr. Hodge wage indemnity benefits and in ordering that he receive treatment with Dr. Majors.
 

 INDEMNITY BENEFITS
 

 According to Manpower, the WCJ did not specify the classification of the indemnity benefits awarded to Mr. Hodge, but speculates it must be temporary total disability benefits because he is not working. Manpower asserts that there is no reasonable basis for the award of the indemnity benefits. It claims that the award is not supported by any facts in the record. Manpower argues that Mr. Hodge was released to return to full duty on August 18, 2008, and that it paid him indemnity benefits through October 2008 while he was treated by Dr. Ritter. After he was released to return to |4work by Dr. Ritter, Manpower had a job available for him, but Mr. Hodge unilaterally determined that he was not able to continue working. Manpower claims that none of the medical experts who treated or examined Mr. Hodge have determined that he cannot return to work. According to Manpower, the record in this case does not reveal a reasonable basis for the award of past and ongoing indemnity benefits.
 

 Legal Principles
 

 Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. The issue to be resolved by the appellate court is not whether the workers’ compensation judge was right or wrong, but whether the factual conclusion was reasonable. Accordingly, where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong.
 
 Pardee v. Forest Haven Nursing Home,
 
 42,321 (La.App.2d Cir.6/20/07), 960 So.2d 1216.
 

 A claimant is entitled to temporary total disability (TTD) benefits if he proves by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of its nature, including employment while working in pain. La. R.S. 23:1221(1);
 
 Gasway v. Cellxion,
 
 44,638 (La.App.2d Cir.1/27/10), 31 So.3d 566;
 
 Pardee v. Forest Haven Nursing Home, supra.
 
 A claimant who can perform light duty work is not entitled to TTD benefits.
 
 Gasway v. Cellxion, supra.
 

 |fiLa. R.S. 23:1221(l)(d) provides:
 

 An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee’s physical condition has improved to the point that continued, regular treatment by a physician is not required.
 

 To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, i.e., much more probable than its nonexistence. A claimant may prove disability through medical and lay testimony.
 
 Gasway v. Cellxion, supra.
 
 The WCJ must weigh all of the evidence to determine if the claimant has met his burden of proving temporary total disability.
 
 Read v. Pel-State Oil Company,
 
 44,218 (La.App.2d Cir.5/20/09), 13 So.3d 1191;
 
 Koenig v. Christus Schumpert Health System,
 
 44,244 (La.App.2d Cir.5/13/09), 12 So.3d 1037.
 

 Discussion
 

 When the plaintiff was originally injured, he was treated at Willis-Knighton
 
 *1152
 
 Work Kare on May 30, 2008. Following x-rays, he was diagnosed with a slightly displaced fracture of the fifth metacarpal and was referred to Dr. Bilderback for follow-up care. The plaintiff was also given a release to return to work with the restrictions that the work be sedentary, that he lift no more than 10 pounds, and that he should not drive while at work.
 

 The plaintiff was seen by Dr. Bilderback on June 2, 2008. He noted that the plaintiff had a closed fracture of the small right finger on the | r,metacarpal neck. The plaintiff was given a splint to wear and Lortab was prescribed for pain. The plaintiff was released to return to sedentary work with no use of the right hand.
 

 The plaintiff returned to Dr. Bilderback on June 11, 2008, reporting that on a scale of one to 10, his pain was at level 10. Dr. Bilderback stated in his notes that this was an exaggeration based upon his evaluation. The plaintiff stated that the pain killer prescribed for him caused itching and requested a stronger medication. Dr. Bild-erback observed that the plaintiffs range of motion was good and that he was reporting a considerable increase in pain over what would be expected. The plaintiff was again released to return to sedentary work with no use of the right hand.
 

 Dr. Bilderback next saw the plaintiff on June 25, 2008, approximately one month after the accident. The plaintiff reported pain at a level five on a scale of one to 10. The plaintiff was able to make a fist with his right hand. An MRI was ordered.
 

 The plaintiff had an appointment with Dr. Bilderback on August 18, 2008, after the MRI. Dr. Bilderback observed that the plaintiffs break had healed and he had normal range of motion with no edema and no ulnar pathology. The plaintiff was given a full work release on that date. Dr. Bilderback noted in his records that the plaintiff was very resistant to returning to work.
 

 The plaintiff wanted a second opinion and was referred to Dr. Ritter who saw him on October 14, 2008. The plaintiff reported wrist pain that had resolved. He did not have any numbness or tingling, just aches in his 17right hand. Dr. Ritter opined that the plaintiff had muscle trauma from the injury that could take six to 12 months to heal. She found that the plaintiff was at maximum medical improvement from the injury. She ordered an FCE. Until the receipt of the test results, Dr. Ritter released the plaintiff to light/medium duty with no lifting over 10 pounds with the right hand, and limited use of tools. The plaintiff was not to use a hammer, ax, or pick, but could use a screwdriver. He was instructed to wear padded gloves when performing tasks at work.
 

 The two-day FCE was performed on November 3-4, 2008. The report by Steve Allison, a doctor of physical therapy, showed that the plaintiff could perform light/medium duty work with a maximum lifting of 30 pounds and frequent lifting and carrying of up to 20 pounds. The plaintiff was found to be at maximum rehabilitation potential for his injury and would not benefit from physical therapy.
 

 An impairment evaluation was completed for the plaintiff on November 17, 2008. Dr. Clinton McAlister determined that the plaintiff had an 8 percent impairment to the little finger, a 1 percent impairment to the hand and upper extremity, and a 1 percent impairment to the body as a whole. The plaintiff still claimed to have pain at the seven or eight level and the pain was worse in cold weather. He also claimed that his hand swelled. No swelling was observed at the evaluation. There was also no evidence of complex regional pain syndrome and no atrophy.
 

 
 *1153
 
 A progress note by Dr. Ritter on December 28, 2009, showed that she referred the plaintiff to a pain management specialist, Dr. Majors. Dr. Ritter |Rwould not prescribe pain medication to the plaintiff for a seven-month-old injury. Dr. Ritter found that no further treatment was needed and that the plaintiff could return to work on December 29, 2009, with a permanent light/medium duty work restriction.
 

 A rehabilitation conference was held and on June 3, 2009, Dr. Bilderback issued a report in which he expressed disagreement with the referral to a pain management physician. He stated that the plaintiff should not need narcotic pain medications.
 

 On June 5, 2009, Dr. Majors saw the plaintiff for a one-time evaluation. The plaintiff reported pain at level 10 all the time. Dr. Majors found that the plaintiff had decreased range of motion in his right wrist. He could not grip tightly and had a tremor in his right hand. Dr. Majors opined that these symptoms indicated possible changes of complex regional pain syndrome Type I or RSD. She recommended medication, physical and occupational therapy evaluations, and a right stellate ganglion block.
 

 Mr. Hodge testified that he continues to have swelling and shaking in his hand, that he is unable to use tools, and that it takes two days for him to mow his lawn due to pain and swelling. He stated that he thinks he has nerve damage in his hand. He said that if the pain would go away, he would be all right.
 

 Sandra Stafford Tanner, an employee with Manpower who processes workers’ compensation claims, testified that benefits were paid to the plaintiff through October 8, 2008, when he was released to return to work. Manpower offered the plaintiff a job inspecting Hummers. Mr. Hodge came |nto work one day, viewed safety videos and then told Manpower that he could not return to work. At the time of trial, Manpower currently had a janitorial job available for the plaintiff, cleaning office buildings. The job included some light yard work, but Ms. Tanner said that Manpower would accommodate the plaintiffs work restrictions.
 

 The WCJ did not specify the type of indemnity benefits awarded in this matter. However, from the benefits previously awarded and the amount awarded here, it appears that the WCJ intended to grant TTD benefits. The WCJ gave no reasons for its decision to award indemnity benefits to the plaintiff. The combined written reasons and judgment of the WCJ merely states, “Further claimant is entitled to past due wage benefits in the amount of $12,833.15 and ongoing benefits in the amount of $233.33 per week.” Based upon the record before us, we find that the WCJ was manifestly erroneous in finding that Mr. Hodge was entitled to TTD benefits.
 

 The plaintiff failed to show by clear and convincing evidence that he is physically unable to perform any employment or self-employment, regardless of its nature, including employment while working in pain. The medical evidence in this matter shows that the plaintiff is able to return to light/medium duty work with restrictions upon the amount of weight he can lift. Dr. Bilderback released the plaintiff to return to full duty on August 18, 2008. Dr. Ritter, who saw the plaintiff on several occasions and had an FCE conducted on Mr. Hodge, concluded that the plaintiff could return to work on October 14, 2008, with a light/medium duty work restriction. Dr. Ritter again said that the plaintiff could return to work on December 29, | 102QQ9, with a permanent light/medium duty work restriction. Mr. Hodge testified that, although it caused him pain, he was able to mow his lawn. Dr. Majors,
 
 *1154
 
 who thought that the plaintiff would benefit from pain management, did not say that Mr. Hodge is unable to perform any work at all. Therefore, we find that the WCJ erred in concluding that the evidence supported a finding that the plaintiff is entitled to TTD benefits. Accordingly, we reverse that portion of the judgment awarding past and future TTD benefits to the plaintiff.
 

 MEDICAL BENEFITS
 

 Manpower contends that the plaintiff did not establish his need for treatment by the pain management physician. It notes that Dr. Bilderback, the plaintiffs treating physician, specifically recommended against pain management. Manpower asserts that as the treating physician, Dr. Bilderbaek’s opinion should be afforded great weight.
 

 Mr. Hodge argues that he proved his entitlement to an award of medical treatment. He claims that Dr. Bilderback, the nurse case manager, and the adjuster all ignored his complaints of continued pain. However, Dr. Majors thought that Mr. Hodge might be experiencing complex regional pain syndrome Type I or RSD. Mr. Hodge points out that Manpower did not present the testimony of a second pain management specialist to rebut Dr. Majors’ opinion. He urges this court not to disturb the award made by the WCJ.
 

 [1TLegal Principles
 

 Under La. R.S. 28:1203, medical payments are separate and distinct from compensation indemnity benefits. An employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any non-medical treatment recognized by the laws of this state as legal. La. R.S. 23:1203(A). A workers’ compensation claimant must prove that the medical expenses are reasonably necessary for the treatment of a medical condition caused by a work-related injury.
 
 Pardee v. Forest Haven Nursing Home, supra.
 
 The plaintiff must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident by a preponderance of the evidence.
 
 Read v. Pel-State Oil Company, supra; Whatley v. Nabors Drilling, USA, LP,
 
 44,720 (La.App.2d Cir.11/12/09), 26 So.3d 253.
 

 A WCJ’s determination with regard to medical necessity is entitled to great weight and will not be disturbed on appeal in the absence of manifest error or unless clearly wrong.
 
 Whatley v. Nabors Drilling, USA, LP, supra; Koenig v. Christus Schumpert Health System, supra.
 

 The general rule is that the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. However, the treating physician’s testimony is not irrebuttable, and the trier of fact is required to weigh the testimony of all medical witnesses.
 
 Kendrick v. Solo Cup,
 
 44,303 (La.App.2d Cir.6/3/09), 15 So.3d 295.
 

 | ^Discussion
 

 In this matter, the plaintiff continued to complain of pain in his hand. Dr. Ritter, who saw him on several occasions, thought that he might benefit from treatment by a pain management physician. The WCJ ordered Manpower to pay for a visit to Dr. Majors. After examining the plaintiff, Dr. Majors thought the plaintiff might have complex regional pain syndrome Type I or RSD. She thought he could possibly benefit from medication and a right stellate ganglion block. She also suggested physical and occupational therapy evaluations. Although Dr. Bilderback and Dr. Ritter found no reason for the plaintiff’s continued complaints of pain, the
 
 *1155
 
 WCJ did not err in ordering Manpower for pay for continued treatment by Dr. Majors. That portion of the judgment by the WCJ is affirmed.
 

 CONCLUSION
 

 For the reasons stated above, we reverse that portion of the WCJ’s ruling ordering the payment of indemnity benefits to the plaintiff, Sherman Hodge. We affirm that portion of the WCJ’s ruling ordering Manpower to pay medical expenses for continued treatment of Mr. Hodge by Dr. Majors. Costs in this court are assessed one-half to the plaintiff and one-half to the defendant.
 

 REVERSED IN PART; AFFIRMED IN PART.